Karl SCHEMBERG

v.

PROGRESSIVE CASUALTY INS. CO.

Civ. A. No. 88–9804.

United States District Court,
E.D. Pennsylvania.

March 29, 1989.

As Amended April 27, 1989.

Kenneth M. Rodgers, Philadelphia, Pa., for plaintiff.

James C. Haggerty, Philadelphia, Pa., for defendant.

MEMORANDUM

CAHN, District Judge.

This case involves a dispute between the plaintiff and his insurance company, Progressive Casualty Insurance Company ("Progressive"), over whether an offset provision in an automobile insurance policy is invalid as contrary to public policy. I hold that the offset provision violates public policy. Thus I will grant the plaintiff's motion to compel arbitration, and I will deny Progressive's motion for judgment on the pleadings.

### Background

The plaintiff was injured on May 22, 1987, when the motorcycle he was operating collided with a motor vehicle owned and operated by Timothy J. Muth. Muth's automobile was insured by the John Hancock Insurance Company. John Hancock paid the plaintiff $25,000, the liability limit available under the policy.

At the time of the accident, the plaintiff was covered by an insurance policy issued by Progressive. The policy provided for $15,000 of underinsured motorist coverage. The plaintiff attempted to recover benefits under this coverage from Progressive. When his attempts failed, the plaintiff filed a petition in the Philadelphia Court of Common Pleas to compel Progressive to select an arbitrator so that the dispute could proceed by arbitration pursuant to an arbitration clause in the policy.

Progressive removed the action to this court and filed a counterclaim seeking declaratory and injunctive relief. Progressive also filed a motion for judgment on the pleadings. Progressive asserts that an offset provision in the insurance policy provides that the limits of the underinsured motorist coverage must be offset by all monies received from the tortfeasor or his insurance carrier. Thus, Progressive claims, the $15,000 of underinsured motor-

ist coverage in the policy is completely offset by the $25,000 that the plaintiff received from John Hancock.

The key issue in this case is whether the offset provision is invalid as contrary to public policy. I hold that it is. Therefore, I will grant the plaintiff's petition to compel arbitration and I will deny Progressive's motion for judgment on the pleadings.

### Discussion

█ As a preliminary matter, I must address whether this dispute is initially subject to arbitration rather than judicial determination. The arbitration clause in the policy in this case provides:

If we and a covered person do not agree:

1. Whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle; [or]

2. As to the amount of damages; either party may make a written demand for arbitration.

This provision is essentially the same as the provision that the Court of Appeals interpreted in *Myers v. State Farm Ins. Co.*, 842 F.2d 705 (3d Cir.1988).[1] The *Myers* court held that the arbitration provision in that case applied to "disagreements concerning fault and amount, and that it [did] not mandate arbitration of disputes over coverage." *Id.* at 707. I reach the same conclusion in this case. Because the validity of the offset provision essentially involves a determination of coverage rather than fault or amount, I hold that this issue is subject to judicial determination rather than arbitration.

█ The offset provision in the insurance policy states that:

All amounts payable under [the underinsured motorist coverage] will be reduced by:

1. a payment made by the owner or operator of the uninsured/underinsured motor vehicle or any other person or organization legally liable, or

2. a payment made under the liability coverage of this policy.

The plaintiff does not appear to dispute that according to this provision, the $15,000 of underinsured motorist coverage must be offset by the $25,000 that the plaintiff received from John Hancock, leaving the plaintiff with no available underinsurance coverage. However, the plaintiff claims that this provision is invalid as a matter of public policy. I agree.

Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa.Cons.Stat. Ann. §§ 1701–36 (Purdon Supp.1988) (hereinafter "MVFRL"), requires that all liability insurance policies issued in Pennsylvania provide underinsurance coverage of "no less than 'the amount of $15,000 because of injury to one person in any one accident [and] in the amount of $30,000 because of injury to two or more persons in any one accident.'" *Wolgemuth v. Harleysville Mut. Ins. Co.*, 370 Pa.Super. 51, 535 A.2d 1145, 1147 (1988) (quoting 75 Pa.Cons.Stat. Ann. § 1702). In its opinion, the *Wolgemuth* court elaborated on the $15,000 minimum underinsured coverage limit:

[T]he legislature, with the passage of [MVFRL], did ensure that every insured individual who is injured by a negligent, underinsured motorist, will have recourse to at least $15,000 of underinsured motorist benefits either (1) pursuant to the policy of insurance applicable to the vehicle in which the individual was a passenger ... or (2) pursuant to a policy of insurance under which the injured claimant is an insured person.

*Id.* at 1148.

By means of the offset provision, Progressive is attempting to reduce the plaintiff's underinsured motorist coverage to zero. This violates the express dictates of

---

1. The arbitration provision in *Myers* provided:
   Two questions must be decided by agreement between the *insured* and us:
   1. Is the *insured* legally entitled to collect damages from the owner or driver of the ... *underinsured motor vehicle;* and

2. If so, in what amount?
   If there is no agreement, these questions shall be decided by arbitration at the request of the *insured* or us.
   *Id.* at 707 n. 4.

MVFRL, which require that automobile liability policies must provide a minimum of $15,000 of underinsured motorist coverage. Progressive cannot reduce this minimum without express statutory authorization. Therefore, I hold that the offset provision is void as contrary to public policy.

This holding is in accord with the opinion of Chief Judge Fullam in *Rush v. Northland Ins. Co.*, No. 88–2854, 1988 WL 120741, 1988 U.S. Dist. LEXIS 12503 (E.D.Pa. Nov. 9, 1988). In *Rush,* Chief Judge Fullam held that an offset provision that was essentially the same as the offset provision at issue in this case was inconsistent with the public policy reflected by MVFRL. Chief Judge Fullam stated:

> If defendant's argument were accepted, under-insured motorist protection would be entirely illusory in all two-party accidents where only minimum under-insured coverage was provided, or where both policies had similar limits; and would be illusory in many, indeed most, multi-plaintiff accidents as well. The distinctions between cases in which under-insured benefits would be payable and those in which no such benefits would be payable would be purely a matter of chance. I am unwilling to ascribe to the Pennsylvania Legislature an intent to achieve that result.

*Id.*

Progressive relies on two Pennsylvania Superior court cases to support its position that the offset provision is valid. In *Sparler v. Fireman's Ins. Co. of Newark,* 360 Pa.Super. 597, 521 A.2d 433 (1987), and *Bateman v. Motorists Mut. Ins. Co.,* 377 Pa.Super. 400, 547 A.2d 428 (1988), the Superior Court enforced offset provisions that were similar to the offset provision in this case. *Sparler* and *Bateman* are clearly distinguishable from the present case. *Sparler* and *Bateman* dealt with the interpretation of the offset provisions at issue, not whether they violated public policy. In those cases, the insurance policies were issued and the accidents occurred prior to the effective date of MVFRL. At that time, underinsured motorist coverage was optional. Therefore, those cases do not apply to the case at bar.

Progressive also asserts that the plaintiff was not injured by an underinsured motor vehicle, and thus the plaintiff is not entitled to underinsured motorist coverage. MVFRL defines an "underinsured motor vehicle" as "[a] motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages." 75 Pa.Cons.Stat. Ann. § 1702. According to this definition, whether the Muth vehicle was underinsured depends on whether the plaintiff's damages exceed the $25,000 paid by John Hancock. This is an issue for arbitration rather than judicial determination. Therefore, I will grant the plaintiff's petition to compel Progressive to select an arbitrator so that this dispute may proceed by arbitration pursuant to the arbitration clause in the policy. If the arbitrators decide that the plaintiff suffered injuries in excess of $25,000, the plaintiff shall be entitled to recover the excess from Progressive up to the underinsured motorist coverage limits of $15,000.

An appropriate Order follows.

### ORDER

AND NOW, this 29th day of March, 1989, it is ORDERED as follows:

1. Defendant's motion for summary judgment is DENIED.

2. Plaintiff's petition to compel defendant to select an arbitrator is GRANTED. Defendant shall select its arbitrator for this matter and notify the plaintiff in writing of it's selection within twenty (20) days of the date of this Order.

3. The Clerk shall close the docket of this case for statistical purposes.