The **NORTH RIVER INSURANCE CO.**, Plaintiff,

v.

E. James **TABOR**, Administrator for the Estate of Todd J. Tabor, Defendant.

Civ. A. No. 1:CV–90–0292.

United States District Court, M.D. Pennsylvania.

July 13, 1990.

**626**

Frank J. Lavery, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Harrisburg, Pa., for plaintiff.

C. Roy Weidner, Jr., Meyers Johnson Duffie & Weidner, David J. Lanza, Lemoyne, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Defendant James E. Tabor is the administrator for the estate of Todd J. Tabor who was killed in an automobile accident. Aetna Life & Casualty Company insured the host vehicle in which decedent, who was a passenger, was killed. That company paid to the estate $250,000 in liability coverage. The Tabors have a personal automobile policy which provides coverage for three vehicles owned by them and $100,000 of underinsured motorist coverage for per accident with bodily injury on each vehicle. The defendants seek to stack the underinsurance coverage and obtain $300,000 from their company, North River Insurance Company. The policies have two provisions which are at issue here. In defendant's original policy with plaintiff, the "limit of liability" section does purport to prohibit stacking. However, when the policy was renewed, North River added the Pennsylvania Amendatory Endorsements which language provides, "our maximum limit of liability for all damages in any such accident is the sum of the limits of liability for uninsured/underinsured motorists coverage shown in the declarations applicable to each vehicle." North River denies this clause permits stacking.

■ It is the holding of this court that assuming the policy has an anti-stacking clause, which the court does not accept, it is contrary to public policy. *Nonemacher v. Aetna Casualty & Sur. Co.*, 710 F.Supp. 602, 607 (E.D.Pa.1989); *Tallman v. Aetna Casualty & Sur. Co.*, 372 Pa.Super. 593, 602, 539 A.2d 1354, 1359, *appeal denied*, 520 Pa. 607, 553 A.2d 969 (1988).

Contrary to plaintiff's position, *Woglemuth v. Harleysville Mut. Ins. Co.*, 370 Pa.Super. 51, 535 A.2d 1145, *appeal denied*, 520 Pa. 590, 551 A.2d 216 (1988), and 75 Pa.Cons.Stat. § 1736 of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL) do not stand for the proposition that stacking is prohibited. In *Woglemuth* the court held that a guest passenger who was injured in a single vehicle accident and was a covered person under the terms of the host motor vehicle policy, could not recover underinsurance benefits under the host vehicle's policy when the passenger had already received limits of liability coverage under that same policy. *Id.* at 58–60, 535 A.2d at 1149–50. This is not the situation in the instant case.

Moreover, Title 75 Pa.Cons.Stat. § 1736 merely provides that underinsurance/uninsured coverage in any one policy can not exceed the liability coverage in that policy. That section does not speak to the issue of stacking. This court disagrees with the interpretation and rationale of *Chartan v. Chubb Ins. Co.*, 725 F.Supp. 849 (E.D.Pa. 1989), concerning that section.

The Pennsylvania legislature's intent on the issue of stacking can be determined from several sources. First, while the legislature specifically excluded the stacking of first party benefits in Section 1717 of the MVFRL, 75 Pa.Cons.Stat.Ann. § 1717 (Purdon Cum.Supp.1990), it made no such provision in the uninsured/underinsured provisions of the act. One can conclude, therefore, that the legislature did not intend to preclude stacking of underinsured coverage.

The rules of statutory construction also lead to the same conclusion. In the absence of a specific statement of findings and purposes within the law, one looks to the Statutory Construction Act, 1 Pa.Cons. Stat.Ann. §§ 1501–1504, 1921–1939 (Purdon Cum.Supp.1990), for guidance. The Statutory Construction Act provides that the intention of the General Assembly is to be ascertained and effectuated. 1 Pa.Cons.

Stat.Ann. § 1921. The legislature in enacting a statute is presumed to have been familiar with the law as it then existed. *Wallaesa v. Wallaesa*, 174 Pa.Super. 192, 196, 100 A.2d 149, 153 (1953). The MVFRL did not expressly repudiate stacking; therefore, the court must look to the law that existed when the act was adopted.

The initial case declaring legislative intent on the issue of stacking was *Harleysville Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968), where the supreme court adopted a policy favoring stacking. This policy continued, even in the face of express provisions prohibiting it. *State Farm Mut. Auto. Ins. Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978); *Tallman v. Aetna Casualty & Sur. Co.*, 372 Pa.Super. 593, 539 A.2d 1354, *appeal denied*, 520 Pa. 607, 553 A.2d 969 (1988); *Sones v. Aetna Casualty and Sur. Co.*, 270 Pa.Super. 330, 411 A.2d 552 (1979). Thus, it is apparent that the legislature intended to allow stacking.

This view of the legislative intent is also borne out in the amendments to said act which became effective July 1, 1990, 1990 Pa.Legis.Serv. 23 (Purdon) (Act No. 1990–6). Section 1738 of the amended act is entitled "Stacking of uninsured and underinsured benefits with option to waive." Under this section stacking is specifically approved and an insured is entitled to a lower premium if he waives stacking in writing.

 The other issue before the court is whether plaintiff is entitled to an offset limiting its liability under the underinsured provisions of the policy. The policy in question contains an express offset provision entitling the insurance company to reduce the underinsured motorist benefits owing under its own policy by the liability coverage amounts already paid by other companies, in this case Aetna.

The cases on which plaintiff relies are pre-MVFRL. The court in *Schemberg v. Progressive Casualty Ins. Co.*, 709 F.Supp. 620 (E.D.Pa.1989), held a policy clause offsetting liability payments against uninsured motorist coverage "violates the express dictates of MVFRL,...." *Id.* at 620–

21. The *Nonemacher* case, *supra*, held otherwise, but it is distinguishable from *Schemberg* and the instant case, even though plaintiff disagrees with the distinction.

To permit set-off provisions which have the effect of reducing underinsurance motorist coverage would frustrate the legislative intent that underinsurance motorist coverage be a requirement in this Commonwealth. Limitations of this coverage should be effected only in accord with legislative directives. This is borne out by again looking at the 1990 amendments. Section 1731 specifically provides the form for rejection or limitation of uninsured/underinsured coverage.

It is the opinion of this court that defendant's position is correct and in addition to the memorandum above, this court adopts defendant's arguments set forth in his brief. An appropriate order will be issued.

## ORDER

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1) defendant is entitled to stack his underinsured benefits;

2) plaintiff is precluded from off-setting liability payments;

3) plaintiff's motion for summary judgment is denied; and

4) no later than July 18, 1990, counsel are to notify this court whether any issues remain in the case. If notification is not received by the court, judgment will be entered and the case will be closed.