573 A.2d 610

**Carol J. FERRY, Administratrix of the Estate of John M. Ferry, Sr., Deceased, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1990.

Filed April 18, 1990.

Monica M. Lovre, Pittsburgh, for appellant.

James A. McGregor, Jr., Beaver, for appellee.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

HESTER, Judge:

This appeal is from the May 2, 1989 order entered by the Lawrence County Court of Common Pleas, granting appellee, Liberty Mutual Insurance Company, judgment on the pleadings. Appellant's husband was killed when he was struck by an uninsured motorist on August 20, 1985, while engaged in painting crosswalks beside a truck with a flashing amber light in New Castle, Pennsylvania. The deceased was employed by the Public Works Department of the City of New Castle and was working within the scope and authority of his employment.

Appellant sought to obtain uninsured motorist benefits from his employer's fleet automobile policy, but appellee denied coverage. Appellant argues that the Pennsylvania Motor Vehicle Financial Responsibility Law ("Responsibility Law"), 75 Pa.C.S. § 1701 et seq., provides a separate source for recovery for employees injured by uninsured motorists that is independent of the exclusive remedy for work-related accidents provided under The Pennsylvania Workmen's Compensation Act ("Act"), 77 P.S. § 1 et seq., as amended, and therefore, the trial court erred in granting judgment on the pleadings. We agree and reverse.

Appellant concedes that the Act was intended to provide the exclusive remedy for employees injured in work-related accidents in the course of their employment. Appellant, however, maintains that the purpose of the Act is to improve safety in the workplace and to provide workers with prompt and uncontested benefits. She further argues that negligence in operating motor vehicles is not closely related to the purpose of the Act, since whether an injured party is within the scope of his duties at the time of an automobile accident is unrelated to safety in his workplace, to highway safety, or to ensuring coverage of injured parties in automobile accidents generally. Application of the Act to bar recovery would result in similarly situated parties injured in automobile accidents by uninsured motorists being treated

differently. Appellant further argues that since the legislature enacted the Responsibility Law which provided for mandatory *uninsured* motorist coverage but failed to provide any exception to the coverage after it recently had revised the Act, the legislature supplanted the earlier exclusive remedy under the Act by providing a separate remedy for workers injured in automobile accidents by uninsured drivers.

Our recent panel decision in *Chatham v. Aetna Life & Casualty Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1989), is dispositive. There we held that our supreme court in *Selected Risks Insurance Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989), in *dicta*, interpreted the legislature as approving receipt of benefits from mandated uninsured motorist coverage included in an employer's insurance policy pursuant to the Responsibility Law in addition to workmen's compensation benefits. In *Chatham*, we stated:

> We read *Thompson* to approve the payment of claims for benefits originating, *and* subject to obtainment by a claimant, through the workmen's compensation scheme of recovery *and* the uninsured motorist policy obtained by an employee's employer. In other words, the high court having spoken on the issue to be resolved, albeit in glancing terms, we read *Thompson* to embrace the action we take today. [*affirming receipt of benefits from mandated uninsured motorist coverage included in employer's insurance policy pursuant to the Responsibility Law as well as workmen's compensation benefits.*]

*Chatham v. Aetna Life & Casualty Co., supra,* 391 Pa.Super. at ——, 570 A.2d at 512, (footnote omitted) (emphasis added).

In *Thompson*, our supreme court held that an individual could collect uninsured motorist benefits from a volunteer fire department fleet policy in addition to workmen's compensation benefits from his municipal employer. This was based on the fact that the uninsured motorist coverage was part of the fireman's policy as an insured member of the volunteer fire company and not part of his municipal em-

ployer's insurance coverage. The court in *dicta* then cited subsection 1735 of the Responsibility Law [1] for the proposition that such coverage would not be excluded even if it were derived from an employer's insurance policy since the legislature now mandated uninsured motorist coverage for all automobile insurance policies, without exclusion or reduction for workmen's compensation payments. The supreme court recognized that the Responsibility Law is controlling, since it was enacted after the most recent amendment of the Act.[2]

Our Supreme Court, in *Thompson,* speaking through Justice McDermott, stated:

> ... first, uninsured motorist coverage is paid for by a separate premium, and to give the uninsured motorist carrier a set-off based on the fortuitous existence of a collateral source would result in a windfall to the carrier; second, uninsured motorist coverage is mandated by statute and any variations from that statutory mandate should come from the legislature; third, workmen's compensation only covers a fraction of what tort damages would cover, (e.g. workmen's compensation does not provide 100% of wage loss coverage, nor pain and suffering, nor other consequential damages) and a dollar-for-dollar set-off does not recognize this reality; and fourth, there is no public policy against an individual purchasing additional uninsured motorist coverage to protect himself and his family against the shortfall which could result from a dependency on workmen's compensation benefits.

*Chatham v. Aetna Life & Casualty Co., supra,* 391 Pa.Super. at ——, 570 A.2d at 512 quoting *Selected Risks v. Thompson, supra,* 520 Pa. at 142–43, 43, 552 A.2d at 1388.

**1.** 75 Pa.C.S. 1735 provides (emphasis added):
The coverages required by this subchapter *shall not* be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury.

**2.** *See* § 1936 of Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 et seq., which states:
Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.

Since we find *Chatham* and *Thompson* controlling, we find appellee's argument that the Act is exclusive remedy, relying on *Lewis v. School District of Phila.*, 517 Pa. 461, 538 A.2d 862 (1988), and *Azpell v. Old Republic Insurance Co.*, 382 Pa.Super. 255, 555 A.2d 168 (1989), is an incorrect reading of current law. Additionally, appellee's arguments that the general provisions of the Responsibility Law should not be interpreted to revoke the specific immunity provisions of the Act, that appellant should not recover as a third party beneficiary when he is not a named insured as in *Thompson,* and that appellant received workmen's compensation benefits, so that the purpose of the Act is not in conflict with the Responsibility Law, each lack merit in light of the dictates of *Chatham* and *Thompson.*

Summary judgment reversed and case remanded for proceedings consistent with this memorandum.