599 A.2d 1001

**Michael CLARK**

v.

**STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 24, 1991.

Filed Nov. 26, 1991.

Peter J. Hoffman, Philadelphia, for appellant.

John W. Craynock, Philadelphia, for appellee.

Before KELLY, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the order of the Court of Common Pleas of Philadelphia County entered on August 17, 1990, which, *inter alia,* granted appellee Clark's petition to compel arbitration and dismissed appellant State Farm Automobile Insurance Company's (State Farm) counterclaim for declaratory relief.[1]  Appellant presents five issues for our

1. The order appealed from provides:

    AND NOW, To wit, this 17th day of August, 1990, upon consideration of the Counterclaim of Respondent [Insurer] and Response of Counterclaim Defendant/Petitioner [Insured], It is Hereby ORDERED and DECREED that:

    1. [Insured] is permitted to assert a claim for Uninsured Motorists Benefits against State Farm and is not barred under any Statute of Limitations.
    2. The court determines and declares that the aforesaid policy of insurance issued by [Insurer], State Farm Fire & Casualty Company, policy number S420–378–B16 does provide uninsured motor vehicle benefits for the injuries allegedly sustained as a result of the motor vehicle accident which allegedly occurred on or about January 4, 1986 described previously.
    3. [Insurer] is entitled to have any award against it reduced by the worker's compensation benefits to which [Insured] was eligible and/or received.

review. First, we must determine whether an employee injured in a work-related automobile accident who has received workmen's compensation but was denied uninsured motorist coverage from his employer's insurance company under then existing law, has complied with the priority requirements of the Motor Vehicle Financial Responsibility Law by then proceeding against his own insurance company.[2] Appellant also contends that the trial court erred in not dismissing appellee's petition to compel arbitration and claim for uninsured motorist benefits for failure to comply with both the four-year statute of limitations and the notice provision of the insurance contract. Fourth, appellant argues that the trial court was not empowered to rule on the petition because of improper venue. Finally, we must determine whether the trial court erroneously allowed arbitration of the above disputes. For the reasons that follow, we find that appellee has complied with the MVFRL, appellant's challenge to venue has been waived, and arbitration of issues of fault and damages is appropriate. We remand for determination of whether appellee complied with the statute of limitations and the notice provision.

Appellee Clark, acting within the course and scope of his employment, was injured while operating a vehicle owned by his employer, Harrin Communications, Inc.[3] The vehicle

4.  [Insurer] is obligated to provide uninsured motorists benefits to [Insured] without exhaustion of workers compensation and uninsured motorist coverage from Harrin Communications Corporation.
5.  The issue as presented is arbitrable and [Insurer] is hereby compelled to arbitrate this dispute.
6.  The proper venue for the Arbitration Hearing is Chester County, and in the event that the parties cannot agree to a neutral arbitrator within thirty (30) days from the date of this Order, then the parties may apply to this Honorable Court for selection of a neutral arbitrator.

BY THE COURT:

---

2.  This issue is confined to the situation where, as here, a subsequently decided case holds that under the MVFRL an employee may recover from his non-self-insured employer both workmen's compensation and uninsured motorist benefits.
3.  This was an automobile accident which was governed by the Motor Vehicle Financial Responsibility Act.

was covered under an insurance policy issued by Reliance Insurance Company (Reliance) pursuant to the Motor Vehicle Financial Responsibility Law (MVFRL). Subsequent to the accident, appellee recovered workmen's compensation benefits from his employer. In addition, appellee requested uninsured motorist benefits from Reliance. However, in the separate action of *Clark v. Reliance Insurance Co.*, CCP, Philadelphia, January Term, 1988, No. 5224 (July 11, 1988) (*Reliance*), the Court of Common Pleas of Philadelphia County denied appellee's request and released Reliance from liability, basing its decision on the holding in *Lewis v. School Dist. of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988).[4]

Appellee, proceeding under the MVFRL, then sought uninsured motorist benefits from his personal auto insurance carrier, appellant State Farm Automobile Insurance Company (State Farm). Appellee submitted a claim for Uninsured Motorist arbitration pursuant to his contract of insurance with appellant and filed a Petition to Appoint an Arbitrator and to Compel Arbitration. Appellant responded by filing a counterclaim against appellee, seeking a declaratory judgment resolving, *inter alia*, the issue of State Farm's liability to pay Uninsured Motorist Benefits to appellee under the parties' insurance contract. The trial court granted appellee's request. This timely appeal followed.

## I. APPEALABILITY

■ Initially, we must determine whether this case is properly before this court. Ordinarily, an order compelling arbitration is a non-appealable, interlocutory order. *Gardner v. Prudential Ins. Co.*, 332 Pa.Super. 358, 481 A.2d 654 (1984). However, the order *sub judice* not only compelled arbitration, but also dismissed appellant's counterclaim for declaratory relief. Both the Pennsylvania Supreme Court and this court have held that an order dismissing a counterclaim is appealable. *See Commonwealth v. Orsatti*, 448 Pa. 72, 75–76, 292 A.2d 313, 315 (1972) (order sustaining

4. Appellee did not appeal this decision.

preliminary objections to defendant's counterclaim in an amount in excess of plaintiff's claim is appealable); *Zivitz v. Centennial Road Properties*, 328 Pa.Super. 79, 81 n. 1, 476 A.2d 462, 463 n. 1 (1984) (order sustaining preliminary objections and dismissing counterclaim is appealable since it puts defendant out of court as far as counterclaim is concerned, even though validity of plaintiff's claim is still undetermined). Because the trial court in its order and subsequent opinion, in effect, precluded appellant from litigating its claims, we find the order in question which dismissed appellant's counterclaim for declaratory relief to be appealable.

## II. ISSUES

Appellant raises five issues on appeal. We will address these *seriatim*.

### A. COMPLIANCE WITH 75 Pa. C.S.A. § 1733

Appellant first contends that appellee must obtain uninsured motorist benefits under his employer's insurance policy before he can recover from appellant. In order to fully understand the issue presented here, a summary of the prior law is necessary.

The priority section of the MVFRL, § 1733 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 *et seq.*, provides:

(a) General rule.—Where multiple policies apply, payment shall be made in the following order of priority:

(1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.

(2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

(b) Multiple sources of equal priority.—The insurer against whom a claim is asserted first under the priorities set forth in subsection (a) shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution pro rata from any other

insurer for the benefits paid and the costs of processing the claim.

*Id.*

The case relied upon by the *Reliance* trial court, *Lewis v. School Dist. of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988) held that under the *Uninsured Motorist Act,*[5] an employee's exclusive remedy against his or her employer was under the Workmen's Compensation Act. According to the *Lewis* court, recovery of uninsured motorist benefits is barred by section 303(a) of the Workmen's Compensation Act, which limits an employee's recovery from his employer to workmen's compensation benefits for any work-related injury. At that time, the specific question whether an employee could recover uninsured motorist benefits from his employer's insurer under the *MVFRL* had not yet been decided by our courts.

Three years after both the *Lewis* decision and the decision releasing Reliance from liability, the Pennsylvania Supreme Court handed down its decision in *Hackenberg v. Transp. Authority,* 526 Pa. 358, 586 A.2d 879 (1991). The *Hackenberg* court held that § 1735 prevails over § 303(a) in cases concerning employers who have purchased policies of insurance, but is not applicable to self-insured employers. 526 Pa. at 369–370, 586 A.2d at 885.[6]

Appellant does not dispute that appellee is entitled to insurance benefits in addition to workmen's compensation. Rather, appellant contends that appellee must proceed against Reliance, his employer's insurance company, before he is entitled to collect from appellant. Appellant argues that the earlier trial court that released Reliance improperly

---

5. The Act of August 14, 1963 P.L. 909, as amended, 40 Pa.S.A. § 2000.

6. *Hackenberg* resolved the conflict between two competing statutory provisions, § 1735 of the MVFRL and § 303(a) of the Workmen's Compensation Act. The Workmen's Compensation Act generally provides that its remedies are exclusive. The MVFRL, on the other hand, provides that "[t]he coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workmen's compensation benefits payable as a result of the same injury." 75 Pa.C.S.A. § 1735.

relied upon the *Lewis* decision and consequently the court below similarly erred in not requiring appellee to relitigate its claim against Reliance.

Appellant relies upon several cases for the proposition that an employee must first recover both Workmen's Compensation benefits and uninsured motorist benefits from his employer's insurance carrier before proceeding against his or her own insurance company. Specifically, appellant points to *Chatham v. Aetna Life & Casualty Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1989), *allocatur granted*, 526 Pa. 626, 584 A.2d 310 (1990); *Selective Risks Ins. Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989); *Ferry v. Liberty Mutual Ins. Co.*, 392 Pa.Super. 571, 573 A.2d 610 (1990); *Odom v. Carolina Ins. Co.*, 394 Pa.Super. 283, 575 A.2d 631 (1990), *allocatur granted*, 525 Pa. 653, 582 A.2d 320 (1990). Appellant contends that these cases are controlling and require appellee to seek reconsideration of the *Reliance* decision. Furthermore, according to appellant, the trial court's reliance on *Lewis* was erroneous because *Lewis* was decided under the Uninsured Motorist Act, 40 Pa.S.A. § 2000 *et seq.* rather than the MVFRL. He finds support for this proposition in the statement by the *Hackenberg* majority that Lewis is not controlling precedent in cases decided under the MVFRL. *Hackenberg*, 526 Pa. at 368, 586 A.2d at 884. According to appellant, if appellee was required to once again seek benefits from Reliance, the trial court would be required to determine that the aforementioned MVFRL provision would prevail over the workmen's compensation provision, thereby allowing recovery from Reliance, and consequently lessening or precluding recovery from appellant in accordance with § 1733.

We disagree. The cited cases are not dispositive for two reasons. First, and most importantly, these cases were decided after the decision releasing Reliance from liability and thus were not available as precedent for that trial court.[7] Second, we believe that appellee had indeed ex-

7. We cannot predict whether appellee, had he appealed the *Reliance* decision, would have had the benefit of any of these decisions.

hausted his remedies under the Reliance policy. Apparently appellee did not appeal the *Reliance* decision because he believed that it was correct under then existing law and that he could then proceed against his insurance company, appellant, under 75 Pa.C.S.A. § 1733. Moreover, we note that although appellant's argument has merit, it does not warrant a reversal of the lower court's decision. The *Reliance* court's interpretation of the then-existing law was a colorable one. We also note that the Uninsured Motorist Act (1963) has been supplanted in some respects by the MVFRL (1984) and, as such, it is understandable that the trial court would rely on case law decided under the former.

We see no reason in law or policy why an insured who has litigated his claim in good faith against the first insurer, and lost, should be required to expend the time, effort, and money (possibly at multiple levels of appeal) to attempt to overturn the first decision, particularly when that decision is not contrary to existing precedent. It is unrealistic to require such tenacity from the insured when, in reality, the interest that would be vindicated on appeal is not so much his own as that of his insurance company. For all practical purposes, when the first suit was dismissed there was no insurance policy other than appellee's own policy with appellant under which he could recover uninsured motorist benefits.

In the absence of any clear precedent, therefore, the trial court was justified in its belief that the rationale of a case decided under the Uninsured Motorist Act would extend to a case decided under the MVFRL.

## B. STATUTE OF LIMITATIONS

Appellant next contends that appellee is barred from asserting a claim for uninsured motorist benefits under the State Farm contract by the four-year statute of limitations set forth in 42 Pa.C.S.A. § 5525. In *Boyle v. State Farm Mutual Auto Insurance Company*, 310 Pa.Super. 10, 456 A.2d 156 (1983), this court held that the statute of limitations applicable to contract actions governs uninsured motorist claims. The time within which a matter must be

commenced is computed from the time the cause of action accrued. 42 Pa.C.S.A. § 5502(a).

*Boyle* established a three-prong test which provides that the right to payment of benefits accrues when (1) the insured is in a motor vehicle accident; (2) the insured sustains bodily injury as a result of the accident; and (3) the insured knows of the uninsured status of the other owner or operator. The last requirement was later clarified in *Seay v. Prudential Property and Casualty Insurance Co.,* 375 Pa.Super. 37, 543 A.2d 1166 (1988), which held that, "[t]he right to payment of benefits vests when the insured knows of the uninsured status of the other owner or operator, and such a determination is evaluated by whether the reasonable individual knows of the uninsured status of the other party, or reasonably should have known." 375 Pa.Super. at 42, 543 A.2d at 1169. 42 Pa.C.S.A. § 5503 provides that: "[a] matter is commenced for purposes of [the statute of limitations] when a document embodying the matter is filed in an office authorized by ... [any] provision of law to receive such document."

■ Appellant argues that appellee is barred by the four-year statute of limitations because he was on notice of the operator's uninsured status on January 4, 1986, the date of the accident, but did not file the petition to compel arbitration until January 22, 1990. Specifically, appellant claims that

> The motor vehicle accident in which the appellee was allegedly injured occurred on January 4, 1986 when the appellee was struck by a hit and run driver. (R 8a) The other driver was identified later that day by the police and cited for failure to stop and for operating a vehicle without a license. The driver was also identified at that time as being uninsured, when she failed to provide proof of insurance. Thus, Mr. Clark was put on notice as of January 4, 1986 of the uninsured status of the alleged negligent motorist.

Appellant's Brief, at 21. However, appellant provides this court with no record to substantiate this claim. The record

which was provided by appellant does not contain any indication of the purported police report. Even assuming, *arguendo,* that a police report was created, there is no indication as to when appellee was notified of its contents.[8] "Where the facts are not in dispute, the question of whether the statute of limitations on a claim has run is a question of law for the court." *Boyle, supra,* 310 Pa.Super. at 15, 456 A.2d at 158–59 (citations omitted). Here, however, significant facts are in dispute and in light of the record before us, we cannot say that appellee knew or should have known of the operator's uninsured status on January 4, 1986. Accordingly, we remand to the trial court to dispose of this issue in accordance with the foregoing.

## C. NOTICE

Appellant next contends that appellee should be barred from obtaining benefits under the State Farm policy for failure to comply with the notice provisions of the contract.[9] An insured will be barred from obtaining benefits where the insured failed to give notice in a reasonable amount of time and the delay in providing notice caused prejudice to the insurer. *Brakeman v. Potomac Ins. Co.,* 472 Pa. 66, 76, 371 A.2d 193, 198 (1977), *Metal Bank of Am. v. Ins. Co. of N. Am.,* 360 Pa.Super. 350, 358, 520 A.2d 493, 497 (1987). The burden of proving such prejudice is on the insurer. *Brakeman, supra,* 472 Pa. at 76, 371 A.2d at 198. The lower court's opinion and the record before us contain insufficient information for us to determine whether the lower court considered appellant's claim that appellee failed to comply with the notice provisions of the policy. Appellee would have us find that the lower court's order dismissing

8. We note that appellant's citation to the record is erroneous. In appellee's petition to compel arbitration he avers that he was struck by an uninsured driver, not a hit and run driver.

9. The relevant portion of the notice provision of the policy states:
REPORTING A CLAIM—INSURED'S DUTIES
1. Notice to Us of an Accident or Loss.
The insured must give us or one of our agents written notice of the accident or loss as soon as reasonably possible.

appellant's counterclaim implicitly included such a finding. This we will not do. Accordingly, we remand this issue to the lower court for proceedings in accordance with the foregoing.

## D. VENUE

Appellant's fourth contention is that the Philadelphia Court of Common Pleas was not empowered to appoint arbitrators and compel arbitration under the facts of the present case. A petition to compel arbitration is the functional equivalent of a complaint. The proper way to challenge venue in a civil action is through a preliminary objection. Pa.R.C.P. Rule 1006 provides in pertinent part:

(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived....

*Id.* Instead of first filing a preliminary objection to challenge venue, appellant proceeded directly to its responsive pleadings. The failure to file appropriate preliminary objections to contest improper venue results in the waiver of the challenge. *McLain v. Arneytown Trucking Co., Inc.*, 370 Pa.Super. 520, 524, 536 A.2d 1388, 1390 (1988) (defendant's failure to file preliminary objections and by filing instead answer on the merits, waived objection they otherwise had to venue). Accordingly, appellant's challenge to venue has been waived.

## E. COVERAGE ISSUE/SCOPE OF ARBITRATION

Lastly, appellant argues that only two issues can be decided by arbitration under the arbitration clause at issue—namely whether the alleged uninsured motorist was responsible for the accident, and the amount of damages sustained by appellee. The pertinent section of the contract provides as follows:

Deciding Fault and Amount

Two questions must be decided by agreement between the insured and us:

1. Is the insured legally entitled to collect damages from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle; and

2. If so, in what amount?

If there is no agreement, these questions shall be decided by arbitration at the request of the insured or us. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply.

When determining the scope of an arbitration clause, a court must look to the terms of the arbitration clause. *See, e.g., Ostroff v. Keystone Ins. Co.*, 357 Pa.Super. 109, 515 A.2d 584, 585 (1986), *allocatur denied*, 515 Pa. 582, 527 A.2d 542 (1987). Courts that have addressed arbitration clauses similar to the one before us have construed them narrowly. Specifically, these courts have limited arbitrable issues to fault and damages, and have held other issues, such as coverage, to require judicial determination. *See, e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 708 (3rd Cir.1988) (whether vehicle constituted "underinsured vehicle" required legal determination preceding arbitrability); *Schemberg v. Progressive Casualty Ins. Co.*, 709 F.Supp. 620, 62 (E.D.Pa.1989) (validity of offset provision involves determination of coverage and is subject to judicial determination).

Appellant contends that any issues of coverage should be subject to judicial determination rather than arbitration. The issues of coverage appellant refers to are those raised in appellant's counterclaim for declaratory relief which the lower court dismissed. Appellee agrees that only the above two issues should be subject to arbitration, but argues that the lower court has already properly decided the non-arbitrable issues. We disagree. As we have noted previously the record before us is inadequate for us to properly review the issues of notice and statute of limitations.

Accordingly, we remand the issues of compliance with the notice provision and statute of limitations to the lower court for proceedings in accordance with this decision.

Remanded; jurisdiction relinquished.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

Finding that appellee as a matter of law cannot recover against appellant, his insurance carrier, I respectfully dissent from the opinion of the majority, and I would reverse the decision of the court below.

Appellant asserts that as a matter of law, under the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. § 1701 *et seq.*, appellee must first obtain uninsured motorist benefits under the policy covering his employer's vehicle. Under the MVFRL, when multiple policies are involved, a claimant must first obtain benefits under the policy covering the vehicle occupied by the injured person at the time of the accident. 75 Pa.C.S.A. § 1733. Only after such coverage is exhausted may an injured claimant seek benefits under a policy covering a motor vehicle not involved in the accident with respect to which the claimant is an insured. *Id.; Wolgemuth v. Harleysville Mut. Ins. Co.,* 370 Pa.Super. 51, 535 A.2d 1145, appeal denied 520 Pa. 590, 551 A.2d 216 (1988).[1]

Presently, appellee was operating a vehicle owned by his employer, Harrin Communications, Inc., at the time of the accident and was acting within the course and scope of his employment. His employer's vehicle was covered under an insurance policy issued by Reliance Insurance Company pursuant to the MVFRL. Subsequent to the accident, appellee recovered workmen's compensation benefits from his employers. Additionally, appellee requested uninsured motorist benefits from his employer's carrier, Reliance. However, in the separate action of *Clark v. Reliance Insurance Co.,* CCP, Philadelphia, January Term, 1988, No. 5224, the Court of Common Pleas of Philadelphia County on July 11, 1988, released Reliance from liability to appellee for unin-

---

1. We note that the State farm insurance policy in question specifically adopts the language used in the priority provisions outlined in § 1733 of the MVFRL.

sured motorist benefits.[2]  As explained by the lower court in its opinion in support of the present order,

> Reliance Insurance Company, plaintiff Clark's employer's auto insurance carrier was released from liability for uninsured motorist benefits allegedly due to plaintiff under the holding of *Lewis v. School District of Philadelphia,* [517 Pa. 461,] 538 A.2d 862 (1988), proper precedential authority at the time.

In *Lewis, supra,* our Supreme Court held that the workmen's compensation law was an employee's exclusive remedy against his employer for injuries sustained in the course and scope of his employment, and, hence, the employee could not recover uninsured motorist benefits from his employer arising from a work-related automobile accident with an uninsured motorist.  Based on *Lewis, supra,* the lower court reasoned appellant was the only remaining insurer from which appellee could collect uninsured motorist benefits.

To the contrary, it is clear that the lower court erred in relying upon *Lewis, supra,* as authority in appellee's case against Reliance and in the present case.  *Lewis, supra,* was decided under the provisions of the Uninsured Motorist Act, 40 Pa.S.A. § 2000 *et seq.,* which our Supreme Court, applying § 1936 of the Statutory Construction Act, found to be subordinate to the provisions of the Workmen's Compensation Act.  *Lewis,* 517 Pa. at 474, 538 A.2d at 867–868;  1 Pa.C.S.A. § 1936.  However, in *Hackenberg v. SEPTA,* 526 Pa. 358, 369–370, 586 A.2d 879, 884–885 (1991), our Supreme Court held that *Lewis, supra,* "continues to be controlling precedent [*only* ] in cases ... involving the Uninsured Motorist Act and the No Fault Act."  Instantly, the MVFRL applied, and the lower court erred in relying upon *Lewis, supra.  Cf., Hackenberg,* 526 Pa. at 369–370, 586 A.2d at 884–885.[3]

---

**2.** It does not appear from the record that appellee pursued the court's decision regarding Reliance on appeal.

**3.** In *Hackenberg, supra,* our Supreme Court held that in the case of a self-insured employer under the MVFRL, recovery under the Workmen's Compensation Act was the sole and exclusive remedy for an employee injured in a work-related vehicle accident with an unin-

Since the passage of the MVFRL, the courts of Pennsylvania have ruled that the provisions of the MVFRL take precedent over the exclusivity provisions of the Workmen's Compensation Act and, as such, an employee may collect both workmen's compensation benefits from his employer and uninsured motorist benefits from his employer's insurance carrier. *Chatham v. Aetna Life & Cas. Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1989), relying upon *Selected Risks v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989); *Ferry v. Liberty Mutual Ins. Co.*, 392 Pa.Super. 571, 573 A.2d 610 (1990); *Odom v. Carolina Cas. Ins. Co.*, 394 Pa.Super. 283, 575 A.2d 631 (1990), appeal granted, 525 Pa. 653, 582 A.2d 320 (1990); *Azpell v. Old Republic Ins. Co.*, 526 Pa. 179, 584 A.2d 950 (1991); but see *Hackenberg, supra* (self-insured employer may not be required to pay both uninsured benefits and workmen's compensation).[4]

Since appellee did not first obtain uninsured motorist coverage available from his employer's insurer, I am convinced that he is not entitled to uninsured motorists benefits from his own carrier. 75 Pa.C.S.A. § 1733. Appellee ar-

sured motorist. However, as implicitly held by the majority and explicitly noted by the dissenters, "claimants [with work-related injuries] whose claims are covered by insurance companies are entitled to uninsured motorist benefits and workmen's compensation benefits ..." *Hackenberg,* 526 Pa. at 371, 586 A.2d at 885 (Dissenting Opinion by Cappy, J., and joined in pertinent part by Larsen, J. and Papadakos, J.).

4. Moreover, newly enacted § 1737 of the MVFRL, in pertinent part, specifically states: "Notwithstanding anything contained in the ... Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorists benefits from an employer's motor vehicle policy under this subchapter or the ... [Uninsured Motorist Act]." Clearly, this provision of the MVFRL prevails over the § 303 of the Workmen's Compensation Act which provides workmen's compensation benefits are the exclusive liability of an employer for a work related injury. 1 Pa. C.S.A. § 1936. While we recognize that this section does not apply to the present litigation due to the timing of its enactment, this statute does demonstrate unequivocally the legislature's "manifest intention" to permit recovery of both workmen's compensation benefits and uninsured motorists benefits from one's employer. *Cf., Selected Risks,* 552 A.2d at 1388 ("Although this act took effect after the incident here at issue, and therefore is not controlling as a statute, it is certainly a persuasive statement of what the legislature perceives as the appropriate public policy...."); 1 Pa.C.S.A. §§ 1933, 1936.

gues he fulfilled his duty to collect from Reliance once his suit against Reliance was dismissed. However, in dismissing Reliance, the court erred in relying upon authority inapplicable to the MVFRL. Consequently, I believe that appellee did not fulfill his duty under § 1733, since he neglected to pursue that erroneous decision on appeal. Although I recognize that *Hackenberg, supra,* was decided three years after Reliance was released from liability, the court's decision to release Reliance was nevertheless erroneous. Unlike the majority, I do not believe that requiring a claimant to pursue his legal rights fully is "unrealistic." To require otherwise in this case penalizes appellant for the lower court's mistake and for appellee's failure to exercise his rights. Therefore, I dissent.[5]

---

**5.** Further, the majority states, "It is unrealistic to require such tenacity from the insured when, in reality, the interest that would be vindicated on appeal is not so much his own as that of his insurance company." Majority opinion, p. 308. I do not believe it is our concern whether appellant, an insurance company, somehow benefits from appellee's vindication of his own rights. Rather, the pertinent question is whether appellee exhausted available coverage on his employer's automobile.