## Messa v. State Farm Insurance Company

*Thomas F. Sacchetta,* for plaintiffs.
*Gerald F. McCormick,* for defendant.

SUBERS, *J.,* September 13, 1993—

## HISTORY OF THE CASE

On April 5, 1987, the plaintiff, Tina Messa, was lawfully operating a vehicle insured with the defendant, State Farm

Insurance Company, when she was involved in a collision with another vehicle owned by the United States Government. On October 17, 1987, the plaintiff received a letter from the Department of the Army indicating that the government would not provide coverage for the accident. On November 2, 1987, plaintiff notified defendant that she was going to pursue her personal injury claim under her uninsured motorist coverage with defendant. On February 1, 1988, defendant notified plaintiff that no uninsured motorist coverage would be available because the plaintiff was legally liable for the accident. In July 1989, the defendant filed a declaratory judgment action requesting that the court clarify whether defendant must supply uninsured motorist benefits. This action was dismissed by local rule for failure of defendant to actively pursue the action. Plaintiff filed a petition to appoint a defense arbitrator on February 11, 1993. On March 19, 1993, an order was entered denying the plaintiff's request for appointment of an arbitrator. On March 26, 1993, a petition for reconsideration was filed. On June 24, 1993, this petition was also denied. Plaintiff then appealed.

## ISSUE

(1) Did this court err by denying plaintiff's petition for reconsideration of order denying appointment of a defense arbitrator?

## DISCUSSION

Plaintiff argues that this court erred by denying plaintiff's petition for reconsideration of order denying ap-

pointment of a defense arbitrator. We disagree because plaintiff's claim is barred by the statute of limitations.

An action to compel uninsured motorist arbitration is governed by the statute of limitations applicable to contracts. *Seay v. Prudential Property and Casualty Insurance Company,* 375 Pa. Super. 37, 543 A.2d 1166 (1988). Section 1721 of the Motor Vehicle Financial Responsibility Law provides for a four year statute of limitations for these types of actions. 75 Pa.C.S. §1721. The statute of limitations on uninsured motorist benefits begins to run when (1) the insured is involved in a motor vehicle accident, (2) the insured sustained bodily injuries as a result of that accident, and (3) the insured knew of the uninsured status of the tortfeasor. *Boyle v. State Farm Mutual Automobile Insurance Company,* 310 Pa. Super. 10, 456 A.2d 156 (1983); *Clark v. State Farm Automobile Insurance Company,* 410 Pa. Super. 300, 309, 599 A.2d 1001, 1005 (1991). Under the third requirement, "[r]ight to payment of benefits vests when the insured knows of the uninsured status of the other owner or operator, and such a determination is evaluated by whether the reasonable individual knows of the uninsured status of the other party, or reasonably should have known." *Seay, supra* at 42, 543 A.2d at 1169. 42 Pa.C.S. §5503 provides that: "[a] matter is commenced for purposes of [the statute of limitations] when a document embodying the matter is filed in an office authorized by ... [any] provision of law to receive such document."

It is undisputed that the plaintiff was involved in an automobile accident and injured as a result. The issue at bar is when the plaintiff knew or should have known

the other vehicle was uninsured under the motor vehicle laws of Pennsylvania. Plaintiff argues that she did not know the car was uninsured until 1992 when the declaratory judgment was dismissed, then starting the four year statute of limitations period. However, plaintiff admits that she received a letter from the Department of the Army on October 17, 1987, indicating that the government was not going to provide coverage for the accident, making the vehicle uninsured. Furthermore, on November 2, 1987, the plaintiff notified the defendant that she was going to pursue her personal injury claim under her uninsured motorist coverage with defendant. Thus, plaintiff admits knowing on October 17, 1987 that the other vehicle was uninsured. Therefore, the statute of limitations began to run on that date. Since plaintiff's first document embodying this matter was filed on February 11, 1993, five and a half years after she knew that the other vehicle was uninsured, plaintiff's case is barred by the statute of limitations.

Plaintiff's argument that the statute of limitations did not begin to run until the declaratory judgment was dismissed fails because she knew of the uninsured legal status of the vehicle in 1987. Plaintiff argues that the other vehicle did not become uninsured until the declaratory judgment action to interpret the government vehicle exception in her policy was dismissed in 1992. However, whether this policy exception applies or not is immaterial to the running of the statue of limitations.

An insurance policy may provide exceptions to the status of a vehicle for purposes of coverage, such as

the exception here that causes an uninsured government owned vehicle to be treated as "not uninsured" for the purposes of coverage. However, this does not change the legal status of the vehicle as uninsured under the motor vehicle laws of the Commonwealth. The contractual dispute is irrelevant to the legal status of the vehicle. Since the vehicle was uninsured when the government refused to cover it, the statute of limitations began to run then. Whether the plaintiff's insurer may or may not cover the uninsured vehicle does not affect its status as legally uninsured or toll the statute of limitations. Since the plaintiff knew the vehicle had no insurance in 1987, the statute of limitations began to run then, not when it was determined to be uninsured for the purposes of defendant's liability under the specific insurance policy. Since no action was taken by plaintiff for more than four years, her claim is barred by the statute of limitations for uninsured motorist vehicles under Pa.C.S. §1721.

Because the case is barred by the statute of limitations, the issues raised as to whether the arbitrator or court should decide whether the exclusion applies or whether the declaratory judgment was conclusive need not be reached. Therefore, there is no need to send the case to an arbitrator.

## CONCLUSION

Based on the foregoing analysis, the decision of this court is proper and should be affirmed.