646 A.2d 1188

STATE FARM INSURANCE COMPANIES

v.

Jeanette RIDENOUR and Goodville Mutual Casualty Company.

Appeal of Jeanette RIDENOUR.

Superior Court of Pennsylvania.

Argued March 15, 1994.

Filed Aug. 22, 1994.

Donald J. McCue, Connellsville, for appellant.

William M. Radcliffe, Uniontown, for State Farm, appellee.

Jeffery D. Wright, Lancaster, for Goodville Mut., appellee.

Before WIEAND, DEL SOLE and FORD ELLIOTT, JJ.

WIEAND, Judge:

Jeanette Ridenour, an employee of Mount Pleasant Publishing Company, was injured in a work-related automobile accident while riding as a passenger in a company owned van being operated by Wade Miller, a co-employee, on October 9, 1987. The van was insured by Goodville Mutual Casualty Company (Goodville). State Farm Insurance Companies (State Farm) insured a vehicle owned privately by Jeanette Ridenour. Walter Overly, the driver of the other vehicle involved in the accident, was insured by Nationwide Insurance Company. Following the accident, Ridenour received workmen's compensation benefits from her employer's compensation carrier; and, on August 13, 1991, she settled a claim against Overly for fifty thousand ($50,000.00) dollars.[1] This settlement was without Goodville's consent, and in connection therewith, Ridenour executed and delivered a full release in favor of Overly and his insurance carrier.

1. This was Nationwide's limit of liability under the terms of its policy.

Subsequently, Ridenour sought to recover underinsured motorist benefits under the policy which had been written on her own vehicle by State Farm. State Farm denied liability and, on March 1, 1993, commenced an action against Ridenour and Goodville in which it sought a declaratory judgment that it was not liable to Ridenour for underinsured motorist benefits. More specifically, State Farm contended that under the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1733, Goodville, the carrier providing coverage for the vehicle in which Ridenour had been riding as a passenger, was primarily liable for underinsured motorist coverage. Ridenour filed an answer in which she contended that Goodville was not primarily liable because her claim for underinsured motorist benefits against Goodville was barred by the exclusivity clause of Section 303 of the Workers' Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 481(a). Ridenour, nevertheless, filed a cross-claim against Goodville for such underinsured motorist benefits. To this, Goodville filed an answer in which it raised in defense, as new matter, Ridenour's release of the third party tortfeasor without its consent. This failure by Ridenour to comply with the terms and conditions of Goodville's policy, it was contended, had extinguished Goodville's obligation to provide underinsured motorist benefits.

Following the close of the pleadings and the completion of discovery, Goodville and State Farm moved for the entry of summary judgment. These motions were granted by the trial court, which reasoned that: (1) Goodville had primary responsibility for paying underinsured motorist benefits under 75 Pa.C.S. § 1733; (2) Ridenour's receipt of workers' compensation benefits would not have been a bar to a claim against Goodville for underinsured motorist benefits; and (3) Ridenour's failure to obtain Goodville's consent to the settlement of her claim against the third party tortfeasor constituted a defense to Goodville's liability under its policy. As to State Farm, the court reasoned that it was not primarily liable for underinsured motorist benefits and that Ridenour's failure to seek such benefits from Goodville, the carrier primarily liable

therefor, prevented her from making a claim against State Farm.

■■■ A motion for summary judgment may be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Marks v. Tasman, M.D.*, 527 Pa. 132, 134, 589 A.2d 205, 206 (1991), quoting Pa.R.C.P. 1035(b). In determining whether summary judgment has been properly granted, a reviewing court must examine the record in the light most favorable to the nonmoving party and resolve all doubts against the moving party. *E.J.M. v. Archdiocese of Philadelphia*, 424 Pa.Super. 449, 453, 622 A.2d 1388, 1390 (1993). Summary judgment is proper only in cases where the right is clear and free from doubt. *Marks v. Tasman, M.D., supra* at 134–135, 589 A.2d at 206. See also: *Mariscotti v. Tinari*, 335 Pa.Super. 599, 601, 485 A.2d 56, 57 (1984); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930–931 (1984).

■■■ At the time when the Ridenour claim accrued, i.e., the date of the accident, the provisions of 75 Pa.C.S. § 1733 established the order of liability as follows:

**(a) General rule.**—Where multiple policies apply, payment shall be made in the following order of priority:

(1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.

(2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

From this it is clear that Goodville, the insurer of the vehicle Ridenour was occupying at the time of the accident, was primarily liable on Ridenour's claim for underinsured motorist benefits. Therefore, Ridenour's claim for underinsured motorist benefits should first have been made to Goodville.

■■■ Ridenour's claim against Goodville for underinsured motorist benefits was not barred by the exclusivity clause of

the Workers' Compensation Act.[2]  Section 1735 of the Motor Vehicle Financial Responsibility Law provided as follows:

> The coverages required by this subchapter [subchapter C; uninsured and underinsured motorist coverage] shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury.

75 Pa.C.S. § 1735 (repealed July 2, 1993, P.L. 190, No. 44, § 25(a)).  In *Chatham v. Aetna Life & Casualty Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1989), the issue was whether the Workmen's Compensation Act barred an employee, who had sustained injuries in a work-related automobile accident, from recovering uninsured motorist benefits under a policy of automobile insurance which had been issued to the employer and which had covered the vehicle being driven by the employee. The trial court rejected the carrier's argument that recovery of uninsured motorist benefits was barred by the Workmen's Compensation Act and entered judgment on the pleadings in favor of the employee.  The Superior Court affirmed, relying upon the language of 75 Pa.C.S. § 1735 and dictum in *Selected Risks Ins. Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989). Referring to *Thompson*, the Superior Court said:

> We read *Thompson* to approve the payment of claims for benefits originating, and subject to obtainment by a claimant, through the workmen's compensation scheme of recovery and the uninsured motorist policy obtained by an employee's employer.  In other words, the high court having spoken on the issue to be resolved, albeit in glancing terms, we read *Thompson* to embrace the action we take today.

Accordingly, because the *Thompson* decision, as we read it, is clear on the issue appealed, in addition to the MVFRLs

---

**2.** The exclusivity provision of the Workmen's Compensation Act is set forth in Section 303(a), which provides as follows:

> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 P.S. § 481(a) (footnotes omitted).

[which permits an employee to recover both workmen's compensation benefits and uninsured motorist benefits] being later in time than Pennsylvania's Workmen's Compensation Law's exclusivity bar ..., we have no reluctance in affirming the lower court's judgment on the pleadings. *Chatham v. Aetna Life & Casualty Co., supra* 391 Pa.Super. at 60, 570 A.2d at 512–513 (footnotes omitted). The Supreme Court affirmed. See: *Chatham v. Aetna Life & Casualty Co.*, 529 Pa. 494, 605 A.2d 329 (1992). See also: *Odom v. Carolina Casualty Ins. Co.*, 394 Pa.Super. 283, 575 A.2d 631 (1990), *aff'd*, 529 Pa. 435, 604 A.2d 1023 (1992) (February, 1988 accident); *Ferry v. Liberty Mutual Ins. Co.*, 392 Pa.Super. 571, 573 A.2d 610 (1990) (August, 1985 accident).

Although the claim in *Chatham* was for uninsured motorist benefits, the same result must obtain where, as here, the claim is for underinsured motorist benefits.[3] Therefore, the trial court did not err when it held that primary liability for underinsured motorist benefits lay with Goodville and that Ridenour was required to seek underinsured motorist benefits from Goodville.

■ The trial court was also correct when it held that Ridenour's failure to obtain Goodville's consent prior to settling with and releasing the third party tortfeasor violated the terms and conditions of the Goodville policy. The uninsured/underinsured motorist endorsement to the policy specifically provided: "This insurance does not apply to ... [a]ny claim settled without our consent." The policy also provided:

### C. OUR RIGHT TO RECOVER FROM OTHERS.

If we make any payment, we are entitled to recover what we paid from other parties. Any person to or for whom we make payment must transfer to us his or her rights of recovery against any other party. *This person must do*

---

**3.** Appellant's reliance on *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988) and *Hackenberg v. Southeastern Pennsylvania Transportation Authority*, 526 Pa. 358, 586 A.2d 879 (1991) is misplaced. In those cases, the employees were claiming uninsured motorist benefits and underinsured motorist benefits from a self-insured employer.

*everything necessary to secure these rights and must do nothing that would jeopardize them.* (emphasis added). These provisions were intended to protect Goodville's right to pursue a cause of action against the person whose fault had caused the loss. When Ridenour released the third party tortfeasor and his liability insurance carrier from all claims arising out of the accident, she extinguished Goodville's subrogation rights against such parties.[4] When these rights were improperly nullified or impaired by appellant, she no longer was entitled to recover benefits from the insurer. *Archer v. State Farm Ins. Co.,* 419 Pa.Super. 558, 565, 615 A.2d 779, 784 (1992). Thus, it was not error for the trial court to enter summary judgment in favor of Goodville.

What, then, is the effect of this upon Ridenour's right to recover underinsured motorist benefits from State Farm? First, it is clear that her inability to recover underinsured motorist benefits from Goodville does not entitle her to substitute State Farm as the carrier primarily liable for such benefits. On the other hand, it also does not release State Farm from its secondary liability under the terms of the statute. The limits of liability for underinsured motorist benefits under the Goodville policy were $100,000/$300,000. It follows that if the Ridenour claim for underinsured motorist benefits is less than $100,000, then there can be no recovery from State Farm. On the other hand, if appellant can prove a valid claim for uninsured motorist benefits in excess of $100,-000, there is no reason for disallowing a recovery of such excess from State Farm.

The present state of the record does not enable this Court to determine the amount of the Ridenour claim for underinsured motorist benefits. Therefore, we cannot determine as a matter of law that there can be no recovery of benefits from State Farm. To repeat, however, State Farm's liability is limited to that amount of underinsured motorist benefits which exceeds $100,000.

4. See: *Daley–Sand v. West American Ins. Co.,* 387 Pa.Super. 630, 564 A.2d 965 (1989) for a discussion of the subrogation rights of an insurance carrier.

The judgment in favor of Goodville Mutual Casualty Company is affirmed. The judgment in favor of State Farm Insurance Companies is reversed, and the claim against it is remanded to the trial court for further proceedings consistent with the foregoing opinion. Jurisdiction is not retained meanwhile.