## Bauman v. Choice One Communications

C.P. of Lackawanna County, no. 3764 CV 2001.

*Robert J. Kopacz,* for plaintiff.
*Vincent Cimini,* for defendant.

MINORA, *J.,* March 21, 2002—

## I. INTRODUCTION

Currently before the court are defendant's preliminary objections per Pa.R.C.P. 1028(a)(1) and 1006(e) on the grounds of improper venue.

By way of background, plaintiff filed a complaint against defendant on July 25, 2001, alleging damages for loss of business profits in the amount of $19,681.76 for failure of the defendant to provide telephone and internet services per an application of service, letter of agency and agreement dated October 24, 2000, and attached to plaintiff's complaint as exhibit "A."

On August 23, 2001, the defendant filed these instant preliminary objections and argues that the application for service, letter of agency and agreement of October 24, 2000, contractually mandates exclusive jurisdiction and venue in a federal or state court located in Monroe County, New York. (See p. 2 of agreement of October 24, 2000—clause entitled "Governing law and venue" exhibit "A" to plaintiff's complaint and exhibit "A" to defendant's preliminary objections.)

On October 1, 2001, the plaintiff filed an answer to the preliminary objections to plaintiff's complaint.

On November 16, 2001, the defendant filed a brief in support of their preliminary objections. On December 10, 2001, the plaintiff filed a brief in opposition to preliminary objections. The court conducted oral argument on December 19, 2001, thus rendering this matter ripe for disposition.

## II. ISSUE

Should defendant's preliminary objection per Pa.R.C.P. 1028(a)(1) and Pa.R.C.P. 1006(e) based on the grounds of improper venue be granted or dismissed in this case where the parties have entered into a contract under which said contract states that the parties consent to the "exclusive personal jurisdiction and venue of the New York federal and/or state courts," and further agree that "[a]ny action arising under the agreement shall be brought in a federal or state court located in Monroe County, New York"?

## III. DISCUSSION

There is no dispute between the parties that the venue selection clause exists in the contract at issue. The plaintiff attaches it to its complaint and the defendant attaches it to its preliminary objections. (See each respective exhibit "A" to each party's pleadings.)

The real dispute between the parties is whether or not such forum selection clauses are enforceable.

At first glance, we must remember that improper venue must be raised by preliminary objections. If a preliminary objection to venue is sustained and there is a county of proper venue within the state, the action shall not be dismissed but shall be transferred to the appropriate court

of that county. See Pa.R.C.P. 1006(e). *Clark v. State Farm Auto Insurance Co.,* 410 Pa. Super. 300, 599 A.2d 1001 (1991).

Also, a trial court's decision on venue issues will not be disturbed absent an abuse of discretion and if any proper basis exists for the trial court's decision, said decision must stand. *Masel v. Glassman,* 456 Pa. Super. 41, 689 A.2d 314 (1997).

Under Pennsylvania law, a forum selection clause is enforceable unless the party challenging the clause can show (1) that the parties did not freely agree to the clause or (2) that enforcement of the clause would be unreasonable. *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 133, 209 A.2d 810, 816 (1965); *Bancorp Groups Inc. v. Pirgos Inc.,* 744 A.2d 791, 794 (Pa. Super. 2000) (holding that unambiguous forum selection clause was enforceable under Michigan law). A forum selection clause is freely agreed to if it meets the normal requirements of contract law and a party's failure to read a forum selection clause before signing does not serve as a basis to avoid the clause. *Churchill Corp. v. Third Century Inc.,* 396 Pa. Super. 314, 321-22, 578 A.2d 532, 536 (1990).

However, a forum selection clause is unenforceable where the parties have not freely bargained for the clause and there was no consideration for the clause. See *Churchill, supra.*

A forum selection clause is unreasonable only if its enforcement would, under the circumstances existing at the time of litigation, "seriously impair" the litigant's ability to pursue his claim or defenses. *Central Contracting,* 418 Pa. at 133, 209 A.2d at 816. Mere inconvenience

or additional expense does not constitute unreasonableness. *Id.* Additional expense may rise to the level of unreasonableness, however, when the selected forum is so remote as to make the cost of prosecuting the suit prohibitive. See *Churchill,* 396 Pa. Super. at 322, 578 A.2d at 536. (See also, *First Union Commercial Corp. v. Medical Management Services,* 47 D.&C.4th 382 (2000), for an excellent and scholarly discussion of this issue.)

We also note that the United States Supreme Court applied a similar reasonableness analysis under admiralty law to enforce a forum selection clause. The court held that a forum selection clause is enforceable absent a strong or clear showing by the party challenging the clause that (1) there was fraud or overreaching, (2) enforcement of the clause would contravene a strong public policy of the forum, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the party will for all practical purposes be deprived of his day in court. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15-18 (1972).

We must also note that absent the contractual forum provision clause before us, jurisdiction and venue would properly lie in Lackawanna County, Pennsylvania since a transaction or occurrence relative to the contract arose in Lackawanna County (*i.e.,* services provided in Lackawanna County), damages allegedly occurred in Lackawanna County, and a contract was accepted in Lackawanna County. See Pa.R.C.P. 1006(a); *Lucas Enterprises Inc. v. Paul C. Harman Co. Inc.,* 273 Pa. Super. 422, 417 A.2d 720 (1980).

Balancing and applying all of these *M/S Bremen* principles leads us to the conclusion that justice would best

be served by allowing plaintiff to retain its own choice of forum. As we stated above, absent the contractual provision, venue would properly lie in Lackawanna County. See Pa.R.C.P. 1006(a) and *Lucas Enterprises Inc., supra.*

Most importantly, since all of the essential contacts, witnesses and circumstances of this case exist in Lackawanna County, it would cause plaintiff unjustifiable and onerous expense to litigate this matter in a contractually created forum. See *Churchill, supra.*

From a practical standpoint, this matter could be resolved by compulsory arbitration in Lackawanna County since the amount in controversy is less than $30,000. See Lacka. Cty. R.C.P. 1301(a).

Therefore, principles of legality, equity, fairness and practicality dictate that this matter remain in Lackawanna County.

This being the case, defendant's preliminary objections will be overruled and denied.

An appropriate order will follow.

## ORDER

And now to wit, March 21, 2002, upon due consideration of defendant's preliminary objections in the nature of improper venue and counsels' able verbal and written arguments and in accordance with the foregoing memorandum, it is hereby ordered and decreed that said preliminary objections are overruled and dismissed.

Defendant is further ordered to file an answer to plaintiff's complaint within 20 days of the date of this order.