**Hilda CID, Appellant**

v.

**ERIE INSURANCE GROUP, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 30, 2012.

Filed Feb. 15, 2013.

Reargument Denied April 23, 2013.

Elliott Tolan, Philadelphia, for appellant.

Megan Hazel–Reppy, Lansdale, for appellee.

BEFORE: STEVENS, P.J., BOWES, and PLATT,* JJ.

* Retired Senior Judge assigned to the Superior Court.

1. Ms. Cid does not challenge the propriety of the trial court's dismissal for improper venue on the merits, perhaps recognizing that under

Opinion by BOWES, J.:

Hilda Cid filed the within appeal from the trial court's February 22, 2012 order dismissing her petition seeking appointment of a neutral arbitrator in an underinsured motorist arbitration ("UIM"). Dismissal was based upon improper venue and without prejudice to re-file in Montgomery County. Ms. Cid argues on appeal that the trial court abused its discretion in dismissing the petition on venue grounds because Erie Insurance Group ("Erie") waived any objection to venue by failing to timely file preliminary objections to the petition. We find that under Philadelphia County Local Rule 206.1(a), Ms. Cid's filing was a petition within the definition of Pa.R.C.P. 206.1 *et seq.*, and preliminary objections are not contemplated within petition practice. Since Erie raised its opposition to venue in its initial answer to the petition, the objection was properly preserved, and we affirm.[1]

Hilda Cid, an Erie insured, sustained injuries in two automobile collisions in May 2005 and March 2006. On November 15, 2011, she filed a petition to appoint a third/neutral arbitrator and compel UIM arbitration in Philadelphia County. Erie filed an answer to the petition arguing, *inter alia*, that according to the insurance policy, proper venue lay in Montgomery County, the county of residence of the named insured at the time of the accident. On November 29, 2011, Ms. Cid inexplicably filed a second, identical petition to compel arbitration at the same number, together with an affidavit showing service upon Erie by certified mail. On December 8, 2011, Erie filed preliminary objections to this second petition challenging venue

the terms of the insurance contract, proper venue lay in Montgomery County. Her sole contention that the trial court erred or abused its discretion in dismissing her petition for improper venue is based on waiver.

and service of process. On January 3, 2012, the court ordered Erie to file a copy of the insurance policy and specifically reference the venue provision to enable the court to make a preliminary determination. Erie complied, and on January 18, 2012, the trial court sustained Erie's preliminary objections to venue and dismissed the petition without prejudice for Ms. Cid to file a similar petition in the proper venue, Montgomery County.

On January 23, 2012, Ms. Cid filed a motion for reconsideration of the order. In response, the trial court vacated the January 18, 2012 order to enable Erie to respond to Ms. Cid's contention that Erie waived any objection to venue when it filed an answer before filing preliminary objections. On February 22, 2012, after consideration of the motion for reconsideration and the petition to compel arbitration, the court again sustained Erie's preliminary objections and dismissed Ms. Cid's petition without prejudice. Ms. Cid filed the within appeal on March 14, 2012, and raised this issue:

1.  Whether the trial court erred and/or abused its [discretion in] dismissing this matter on the basis of improper venue where defendant waived any venue objection by failing to timely file preliminary objections to plaintiff's petition to compel arbitration?

Appellant's brief at 3.

Generally, a trial court's ruling on venue will not be disturbed unless the trial court

abused its discretion. *Schultz v. MMI Prods.*, 30 A.3d 1224, 1227 (Pa.Super.2011). "An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will." *Sehl v. Neff*, 26 A.3d 1130, 1131 (Pa.Super.2011).

■ This appeal presents the question of whether Erie, by initially filing an answer to Ms. Cid's petition in which it objected to venue, rather than preliminary objections, waived the right to challenge venue in Philadelphia County.[2] Also implicated is the larger question of whether the proper procedure in responding to a petition seeking court appointment of a neutral UIM arbitrator and/or to compel arbitration is governed by the procedural rules for petitions or complaints.

Ms. Cid contends that Pa.R.C.P. 1006(e) governs the proper procedure herein. Rule 1006(e) provides that "[i]mproper venue shall be raised by preliminary objection and if not so raised shall be waived." She relies upon this Court's decision in *Clark v. State Farm Auto. Ins. Co.*, 410 Pa.Super. 300, 599 A.2d 1001, 1006 (1991), for the proposition that a petition to compel arbitration is the functional equivalent of a complaint, and that the proper way to challenge venue in a civil action is through a preliminary objection. Pa.R.C.P. 1028(b)[3], governing preliminary objec-

---

2.  For purposes of this appeal, the parties offer no argument as to the import of the second petition. Erie merely states that it did file preliminary objections, albeit to the second petition, taking "a belt and suspenders approach to the venue issue" and challenging it "on all fronts." Appellee's brief at 7. Erie offers no argument or analysis, however, as to how those preliminary objections, filed after Erie had filed an answer, were timely filed.

3.  Rule 1028. Preliminary Objections

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

. . . .

(b) All preliminary objections shall be raised at one time. They shall state specifically

tions, requires that all preliminary objections be raised at one time. Ms. Cid maintains that by filing an answer to her first petition in lieu of preliminary objections challenging venue, Erie waived any objection to venue and that Erie's subsequent filing of preliminary objections was untimely. In *Clark*, as in the instant case, the insurance company proceeded directly to its responsive pleading instead of filing a preliminary objection to challenge venue. This Court relied upon *McLain v. Arneytown Trucking Co., Inc.*, 370 Pa.Super. 520, 536 A.2d 1388, 1390 (1988), in holding that the failure to file appropriate preliminary objections to contest improper venue resulted in the waiver of the challenge. *See also Boyce v. St. Paul Property & Liability Ins. Co.*, 421 Pa.Super. 582, 618 A.2d 962 (1992).

Erie counters that the within petition to appoint an arbitrator and compel arbitration is not a pleading as defined in Pa. R.C.P. 1017[4], and that the proper procedure is controlled by Pa.R.C.P. 206.1[5] *et seq.* governing petitions, rather than the rules governing pleadings. Since Rule 206.2[6] provides for the filing of an answer that contains the material facts that constitute defenses to the petition and makes no provision for preliminary objections, Erie contends that the answer was the proper vehicle for raising its objection to venue. In support of its position, Erie directs our attention to the Philadelphia Court of Common Pleas decision in *Figueroa v. Allstate Insurance Company*, 2007 Phila. Ct. Com. Pl. LEXIS 109 (April 11, 2007), holding that since Pa.R.C.P. 1028(a) only authorizes the filing of preliminary objections to a pleading, and since a petition is not a pleading under Pa.R.C.P. 1017, the answer is the proper place to assert improper venue in response to a petition. Pa.R.C.P. 206.2.

The trial court declined to find waiver, noting the "muddled procedural history that [Ms. Cid] helped create" by filing two identical petitions two weeks apart. Trial Court Opinion, 2/21/2012, at 3. Furthermore, after distinguishing *Boyce* and *Clark* on the facts, the trial court agreed with Erie that petitions are not pleadings under

---

the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading.

(c)(1) A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot.

4. Pa.R.C.P. 1017. Pleadings Allowed.
   (a) Except as provided by Rule 1041.1, the pleadings in an action are limited to
   (1) a complaint and an answer thereto,
   (2) a reply if the answer contains new matter, a counterclaim or a cross-claim,
   (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,
   (4) a preliminary objection and a response thereto.
   Pa.R.C.P. 1017.

5. Pa.R.C.P. 206.1, entitled "Petition. Definition. Content. Form," provides in pertinent part:
   (a) As used in this chapter, "petition" means
   (1) an application to open a default judgment or a judgment of non pros, and
   (2) any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 et seq.
   Pa.P.C.P. 206.1.

6. Pa.R.C.P. 206.2. Answer
   (a) An answer shall state the material facts which constitute the defense to the petition.
   (b) An answer to a petition shall be divided into paragraphs, numbered consecutively, corresponding to the numbered paragraphs of the petition.
   Pa.R.C.P. 206.2.

Pa.R.C.P. 1017, and that Pa.R.C.P. 206.1, which governs petition practice, applied.[7] It is unclear why, after arriving at this conclusion, the trial court then sustained the preliminary objections as the basis for dismissing the petition. Nonetheless, since dismissal was proper on another ground, and we may affirm on any basis, *see Shearer v. Naftzinger*, 560 Pa. 634, 747 A.2d 859, 861 (2000), we affirm the dismissal for the following reason.

We find that to the extent that *Clark*, *Boyce*, and *McLain* hold that a petition for appointment of an arbitrator and to compel arbitration are the functional equivalent of a complaint, they have been superseded in Philadelphia County by Local Rule 206.1(a), effective August 3, 2004. The local rule was promulgated pursuant to authority conferred upon the courts of common pleas under Pa.R.C.P. 206.1(a)(2). Pa.R.C.P. 206.1 defines what constitutes a petition under the Rule of Civil Procedure. In addition to petitions to open a default judgment or a judgment of *non pros*, the Rule also includes "(a)(2) any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 et seq." *See* Pa.

R.C.P. 206.1. The Note to Pa.R.C.P. 206.1 explains:

> Rule 206.1(a)(2) authorizes each court of common pleas to designate applications which are to proceed in the manner of a petition under Rule 206.1 et seq. Rule 239.2(a) requires each court which has made that designation to promulgate a local rule, numbered Local Rule 206.1(a), listing the applications to be determined pursuant to Rule 206.1 et seq. Any local rule which has been promulgated must be published on the Pennsylvania Judiciary's Web Application Portal (*http://ujsportal.pacourts.us*).

Pa.R.C.P. 206.1, Note.[8]

On June 24, 2004, Philadelphia County adopted Local Rule 206.1(a) entitled, "Designation of Petitions." *See* Phila.Civ.R. 206.1(a). That rule provides that in the Philadelphia County Court of Common Pleas, in addition to petitions to open default judgments and to open judgments of *non pros*, the following are designated as petitions and governed by the procedures set forth in Pa.R.C.P. 206.1 *et seq.:*

(i) **Petition to Appoint Arbitrator;**

(ii) Petition to Appoint A Receiver;

---

**7.** The trial court noted that the insurer in *Boyce* first objected to venue when it filed a petition to vacate the award after the arbitration hearing had concluded, in contrast with the instant case where Erie challenged venue in response to the initial petition. The court was reluctant to apply *Clark*, noting that it was unclear if State Farm raised an objection to venue in its answer as Erie did herein. We observe further that the procedural posture of *Clark* was complicated by the fact that, in response to the petition, State Farm filed a counterclaim seeking a declaratory judgment resolving its liability to pay UIM benefits under the contract. Thus, the petition in that case did function more like a complaint.

**8.** Westmoreland County's Local Rule 206.2(a), effective August 18, 2004, specifical-

ly provides that no applications other than those listed in Pa.R.C.P. 206.1(a) have been designated as petitions. Dauphin County's Local Rule 206.1(a), effective April 19, 2011, enumerates types of filings that are to be considered petitions, including "[a]pplications filed to commence an action where it is not appropriate to file a writ of summons or a complaint[,]" which arguably would include a petition like the one herein. *See* Dauphin County Local Rule 206.1(a). Allegheny, Chester, Beaver, Washington, and Montgomery counties, just to mention a few, have not promulgated local rules pursuant to Pa.R.C.P. 206.1(a)(2). Reference should be made to the Pennsylvania Judiciary's Web Application Portal, (*http://ujsportal.pacourts.us*), for the local rules of other counties.

(iii) **Petition to Compel Arbitration;**

(iv) Petition to Confirm Arbitration Award;

(v) Petition to Confirm Settlement;

(vi) Petition for Contempt;

(vii) Petition to Set Aside Arbitration Award; and

(viii) Statutory Petitions.

Phila.Civ.R. 206.1(a) (emphasis added). The Rule is published on the Pennsylvania Judiciary's Web Application Portal as required.

■ Thus, by virtue of Phila.Civ.R. 206.1(a), Ms. Cid's petition for appointment of an arbitrator and to compel arbitration was a petition governed by the procedures outlined in Pa.R.C.P. 206.1 *et seq.* Our rules of civil procedure governing petition practice make no provision for the filing of preliminary objections. Instead, defenses to the petition, which would include improper venue, are properly asserted in an answer to the petition. *See* Pa.R.C.P. 206.2 ("An answer shall state the material facts which constitute a defense to the petition."). Thus, Erie properly challenged venue at the first opportunity by raising the issue in its answer to the initial petition, and we affirm the trial court's dismissal on this alternate basis.

Order affirmed.