J-A15026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HILDA CID, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ERIE INSURANCE GROUP A/K/A ERIE INSURANCE EXCHANGE A/K/A ERIE INSURANCE COMPANY, | |
| Appellee | No. 3041 EDA 2015 |

Appeal from the Order Entered August 21, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 1874 – June Term, 2015

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

DISSENTING MEMORANDUM BY JENKINS, J.:     **FILED OCTOBER 20, 2016**

I respectfully dissent.  The insurance agreement between Hilda Cid and Erie Insurance Exchange ("Erie") provides that the parties must arbitrate disputes over "whether or not anyone we protect is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle."  Cid's contract and tort actions in her Philadelphia County action fall within this provision, because they turn upon whether Cid is entitled uninsured ("UM") or underinsured ("UIM") motorist coverage.  In other words, in my view, the arbitration clause not only encompasses UM/UIM claims but also contract and tort claims that, as in this case, are actually UM/UIM claims in disguise.

1

We held several years ago that Cid was required to arbitrate her UIM claim against Erie Insurance Exchange ("Erie") in Montgomery County, despite her attempt to compel arbitration in Philadelphia County. *Cid v. Erie Insurance Exchange*, 63 A.3d 787 (Pa.Super.2013). In 2015, Cid filed the present action against Erie in the Court of Common Pleas of Philadelphia County alleging claims for breach of contract, fraud, bad faith, abuse of process and civil conspiracy. The Philadelphia court sustained Erie's preliminary objections and ordered her action transferred to Montgomery County, reasoning that all issues in Cid's complaint depended "on a finding of whether she is entitled to UM/UIM benefits under the Policy."

I agree with the trial court's conclusion. Cid alleges in her breach of contract action that Erie breached the insurance agreement by *denying her UIM claim.* Cid alleges in her tort claims for fraud, bad faith, abuse of process and civil conspiracy by Erie acted tortiously by *denying her UIM claim*. All of these claims rise or fall on whether she is entitled to UIM coverage under her policy. Given this direct relationship between Cid's UIM claim and her contract and tort claims, she should litigate her tort and contract claims in the same forum and same proceeding as her UIM claim – an arbitration proceeding in Montgomery County.

The analysis in *IDT Corp. v. Clariti Carrier Servs., Inc.*, 772 A.2d 1019 (Pa.Super.2001), provides analogous support for this result. There, a commercial agreement provided that (1) "the Agreement and the relationship between the Parties hereto will be governed by the laws of

England"; (2) any dispute that the parties could not resolve by mediation "shall be referred to and finally resolved by arbitration under the LCIA (London Court of International Arbitration)"; and (3) "the seat of the arbitration shall be London, England." IDT Corporation filed an action against Clariti Carrier Services for, *inter alia*, alter ego and unjust enrichment. In accordance with the arbitration and forum selection clauses, the trial court sustained Clariti's preliminary objections and held that IDT Corporation was required to pursue arbitration in London.

On appeal, this Court affirmed, reasoning:

> the forum selection clause is written in broad terms. It states that both 'this Agreement and the relationship between the Parties hereto will be governed by the laws of England.' … Counts II, IV and V each make reference to the Agreement and seek recovery either under the terms of the agreement or for services rendered as a result of the agreement. Thus, we conclude that these counts relate to the alleged contractual relationship between the parties. As such we conclude that they are subject to the terms of the forum selection clause included in the Agreement.

*Id*., 772 A.2d at 1023.

The alter ego and unjust enrichment claims in **IDT Corp.** "relate[d] to the alleged contractual relationship between the parties." **Id**. at 1023. Here, Cid's contract and tort claims do not merely "relate" to her claim for UIM coverage; they *depend upon* her UIM claim. Thus, I view the policy as requiring arbitration of Cid's contract and tort claims with her UIM claim.

For these reasons, I respectfully dissent.