J-A06036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| PTS REALTY HOLDING, LLC | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY FROMPOVICZ | : | |
| | : | |
| Appellant | : | No. 995 MDA 2018 |

Appeal from the Order Entered June 1, 2018
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-2113-2016

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED APRIL 23, 2019**

Stanley Frompovicz (Frompovicz) appeals *pro se* from the order entered by the Schuylkill County Court of Common Pleas (trial court) confirming an arbitration award in favor of PTS Realty Holding, LLC (PTS).  After careful review, we affirm.

## I.

### A.

In 2011, Frompovicz and PTS entered into an agreement obligating Frompovicz to build a water bottling facility in Schuylkill County.  For their contract, the parties used a standard American Institute of Architects written agreement that gave several options for dispute resolution.  The parties elected arbitration as the method of dispute resolution and, by doing so, the parties agreed to submit any contractual claim to the American Arbitration

_____
*   Retired Senior Judge assigned to the Superior Court.

Association (AAA) for arbitration under its Construction Industry Arbitration Rules. In addition, the agreement stated that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, "shall govern" any arbitration, and that any award would be final and enforceable in any court with jurisdiction.

In August 2015, PTS submitted a statement of claims to the AAA alleging that Frompovicz negligently built the facility. Frompovicz tried to stay the arbitration by claiming the parties' agreement was void due to fraud by PTS. Despite the agreement stating Philadelphia as the arbitration location, Frompovicz filed his petition for stay in the Court of Common Pleas of Schuylkill County. In May 2016, that court denied the petition to stay. The parties then proceeded to arbitration, which concluded in September 2016 with a final hearing held in Philadelphia before an appointed AAA arbitrator.

On October 26, 2016, the arbitrator issued an award of over $1.4 million in favor of PTS. Although the agreement designated the FAA as governing, the arbitrator read the agreement as not specifying whether the parties were arbitrating under either the Pennsylvania Uniform Arbitration Act (UAA) or any similar statute such as the FAA. Based on this reading, the arbitrator presumed the parties intended for their arbitration to be a Pennsylvania common law arbitration. *See* 42 Pa.C.S. § 7302(a) (stating arbitration is presumed to be common law arbitration unless agreement expressly provides for arbitration pursuant to UAA or any other similar statute, in which case the arbitration shall be governed by the UAA).

**B.**

Frompovicz wished to challenge the award. The time limit for challenging an arbitration award under Pennsylvania law differs from that of federal law. Under Pennsylvania law, the time limit for filing a motion to vacate a common law arbitration award is 30 days; if no motion is filed within 30 days, then the prevailing party can petition to confirm the arbitration award. *See* 42 Pa.C.S. § 7342(b).[1] Under the FAA, the time limit is 90 days if the appeal is taken to federal court and then, only if, federal jurisdiction can be established. *See* 9 U.S.C. § 12.

Frompovicz did not file a petition to vacate the arbitration award within 30 days of the award.[2] After the 30-day time period for taking the appeal had passed, on December 13, 2016 (48 days after the arbitration award), PTS filed a petition to confirm the arbitration award in the trial court. The trial court ordered Frompovicz to show cause why it should not confirm the award. In response to PTS's petition, Frompovicz filed an answer and new matter. In his answer, Frompovicz reasserted the agreement was void. As for his new

---

[1] The time limit is the same for challenges to statutory arbitrations under the Pennsylvania Uniform Arbitration Act. *See* 42 Pa.C.S. § 7319(b) (application for vacating an arbitration award must be made within 30 days after delivery of award).

[2] However, within 30 days of the award, on November 24, 2016, Frompovicz filed a notice of appeal from the trial court's May 2016 denial of his petition to stay. This Court later quashed the appeal at docket number 1954 MDA 2016.

- 3 -

matter, Frompovicz claimed:  (1) the trial court did not have jurisdiction because the arbitration agreement was governed by the FAA; and (2) even if jurisdiction was proper in state court, the proper venue was Philadelphia County because that is where the arbitration was held.

## C.

Before the trial court could address his claims, Frompovicz removed the case to the United States District Court for the Eastern District of Pennsylvania (district court).  In his removal notice, Frompovicz asserted that the district court had both diversity and subject matter jurisdiction.  A day after filing the notice, on January 24, 2017, which was the 90th day after the award, Frompovicz filed a motion to vacate the arbitration award in the district court under the same docket of his removal.

The district court denied removal, finding three reasons for why removal was improper.  First, even if there was complete diversity between the parties, removal was improper under the "forum defendant" rule, 28 U.S.C. § 1441(b)(2), since PTS filed its petition in Pennsylvania, the state of Frompovicz's residence.  Second, the FAA does not confer federal question jurisdiction.  Last, Frompovicz's removal notice was untimely under 28 U.S.C. § 1446(b)(1) for not being filed within 30 days of his receipt of PTS's petition.

Frompovicz then filed a motion for reconsideration, acknowledging that he should have filed his motion to vacate in the first instance with the district court rather than removing PTS's petition to confirm the arbitration award.

- 4 -

The district court denied reconsideration.[3]  Frompovicz then appealed to the Third Circuit Court of Appeals which dismissed the appeal in January 2018.

**D.**

Once Frompovicz had removed the case, the state court proceedings were automatically stayed.  When it was returned to the trial court, PTS responded to Frompovicz's venue claim, asserting venue was proper in Schuylkill County and not in Philadelphia because Frompovicz filed his initial petition to stay in Schuylkill County, and the UAA states "all subsequent applications to a court shall be made to the court hearing the initial application unless that court otherwise directs."  42 Pa.C.S. § 7319(3).[4]

PTS then filed a praecipe for determination and the trial court directed the parties to complete discovery on any material factual issues.  Frompovicz sought discovery related to his fraud claims.  PTS refused production because it contended that Frompovicz had waived any challenge to the arbitration award by failing to file a petition to vacate in state court within 30 days of the award.  In response, Frompovicz contended the FAA's 90-day time limit was applicable based on the parties' agreement, and that he timely filed a petition to vacate, *albeit* in federal court.

---

[3] *See PTS Realty Holding, LLC v. Frompovicz*, CV 17-0319, 2017 WL 5515960 (E.D. Pa. March 1, 2017).

[4] Section 7319 of the Pennsylvania Uniform Arbitration Act is applicable to common law arbitrations as well.  *See* 42 Pa.C.S. § 7342(a).

On June 1, 2018, noting that Frompovicz never filed a timely motion to vacate in the trial court, the trial court confirmed the arbitration award. It also found venue was proper in the trial court because Frompovicz filed his initial petition to stay arbitration with the court. Frompovicz timely appealed to this Court.[5]

## II.

## A.

Frompovicz contends that the trial court erred in confirming the arbitration award because his challenge was untimely. He argues that the trial court should have applied the FAA's 90-day time limit rather than the common law arbitration 30-day time limit for taking an appeal. However, in *Moscatiello v. Hillard*, 939 A.2d 325 (Pa. 2007), our Supreme Court held

---

[5] Our standard of review of a common law arbitration award is limited:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.

*Toll Naval Associates v. Chun-Fang Shu*, 85 A.3d 521, 525 (Pa. Super. 2014).

that even if the arbitration is conducted under the FAA, when an appeal is taken in state court, there is no additional time beyond that afforded by Pennsylvania law for filing a motion to vacate an arbitration award in state court. ***See also Joseph v. Advest***, 906 A.2d 1205, 1210 (Pa. Super. 2006).

Frompovicz argues though that **Moscatiello** and **Joseph** do not apply because, unlike the appellants in those cases, he filed his motion to vacate in federal district court rather than state court. But this Court has explained:

> The FAA does not create independent grounds for federal subject matter jurisdiction. Without complete diversity between the parties under 28 U.S.C. § 1332 … parties to an arbitration agreement created under the FAA are required to submit an appeal from an arbitration award to state trial courts in the first instance.

***Trombetta v. Raymond James Financial Services, Inc.***, 907 A.2d 550, 563 (Pa. Super. 2006) (internal citations omitted). Because he was unable to establish federal jurisdiction,[6] the FAA's 90-day time for filing a petition to vacate the arbitration award does not apply. Frompovicz needed to file his petition to vacate in the first instance within 30 days of the arbitrator's award.

We also note that Frompovicz has **never** filed a petition to vacate the arbitration award in state court, only in federal court. This Court has held that

---

[6] In his brief, Frompovicz maintains that the district court would have had diversity jurisdiction if not for PTS's lack of candor about the residency of its partners. But Frompovicz overlooks that the district court did not need to determine diversity because Frompovicz was a resident of the same state in which PTS filed its petition.

when no petition to vacate or modify an arbitrator's award is filed, then a trial court is required to confirm an arbitrator's award. **See U.S. Claims v. Dougherty**, 914 A.2d 874 (Pa. Super. 2006). To challenge a common law arbitration, we have explained:

> This Court has consistently interpreted [42 Pa.C.S. § 7342(b)] to require that any challenge to the arbitration award be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award within 30 days of the date of the award. A party must raise alleged errors in the arbitration process in a timely petition to vacate or modify the arbitration award or the claims are forever waived.

**Id**. at 877.

Here, the award was issued on October 26, 2016. Under Pennsylvania law, Frompovicz had 30 days to file a petition to vacate the arbitration award. After Frompovicz failed to file a petition within 30 days, PTS filed its petition to confirm the award in accordance with not only 42 Pa.C.S. § 7342(b), but also the written agreement, which provided that the arbitrator's award was enforceable in any court with jurisdiction. Under these circumstances, the trial court did not abuse its discretion in confirming the arbitration award.

**B.**

Next, Frompovicz claims PTS did not attach the parties' agreement and the arbitrator's award to its petition to confirm award. Frompovicz did not raise this claim in his answer and new matter that he filed to PTS's petition to confirm the award. As a result, the claim is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the

- 8 -

first time on appeal."). In any event, Frompovicz's claim is belied by our review of the certified record. PTS attached both the arbitrator's award and the relevant portions of the parties' written agreement to its December 13, 2016 petition to confirm the arbitration award.

**C.**

In his third issue, Frompovicz seeks to re-raise his claim that PTS filed its petition in the wrong venue, arguing it should have filed in the Court of Common Pleas of Philadelphia County since that is where the arbitration was held. PTS counters that Frompovicz has waived this claim by failing to include it in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. We agree, as Frompovicz neither included the issue in his statement nor is it reasonably subsumed in any other issues. Accordingly, the issue is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement ... are waived.").

Even if Frompovicz had included this issue in his Pa.R.A.P. 1925(b) statement, we would find no error in PTS filing its petition in the trial court.[7] Frompovicz filed his initial petition to stay the arbitration in the Court of

---

[7] "Generally, a trial court's ruling on venue will not be disturbed unless the trial court abused its discretion. An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will." *Cid v. Erie Ins. Group*, 63 A.3d 787, 789 (Pa. Super. 2013) (quotation and internal citations omitted).

Common Pleas of Schuylkill County. As PTS noted in the trial court, under 42 Pa.C.S. § 7319(3), which governs venue for court proceedings involving arbitrations, if there has already been an initial application filed by a party, any application after that "shall be made to the court hearing the initial application unless that court otherwise directs." Because the trial court had not otherwise directed that venue should be in Court of Common Pleas of Philadelphia County, PTS properly filed its petition to confirm the arbitration award in the Court of Common Pleas of Schuylkill County. Thus, the trial court did not abuse it discretion in finding venue was proper.[8]

## D.

Last, Frompovicz faults the trial court for entering its order before allowing him to conduct discovery. By doing so, he argues that the trial court failed to comply with its own rule to show cause order under Pa.R.C.P. 206.7.[9]

---

[8] In his argument, Frompovicz also asserts that the parties entered into a joint stipulation to change venue to Philadelphia County. The joint stipulation was never filed and is not part of the certified record and cannot, therefore, be considered on appeal. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) ("[I]f a document is not in the certified record, the Superior Court may not consider it.").

[9] In his statement of questions involved, Frompovicz frames this issue as the trial court erring in confirming the arbitration award. "A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." *Weinar v. Lex*, 176 A.3d 907, 914 (Pa. Super. 2017) (quotation omitted).

After the issuance of a rule to show cause order, Pennsylvania Rule of Civil Procedure 206.7 provides that if the respondent's answer does not raise any disputed issues of material fact, then the court shall decide the petition based on the petition and answer. *See* Pa.R.C.P. 206.7(c). Here, Frompovicz's answer focused on his claims of fraud as to the underlying agreement. In its June 1, 2018 order, the trial court determined that Frompovicz did not raise any factual averments to excuse not filing a motion to vacate within 30 days of the arbitration award. By failing to do so, we agree with the trial court that there was no material issues of fact requiring discovery so as to delay confirming the arbitrator's award as required by 42 Pa.C.S. § 7342(b). We, therefore, find no abuse of discretion.[10]

## III.

Finally, PTS requests that we award damages, attorney's fees and interest under Pa.R.A.P. 2744, alleging that this appeal is frivolous and was filed for the purpose of delaying enforcement of the arbitrator's award.

> Under Pa. R.A.P. 2744, an appellate court may award counsel fees and other damages when it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. An appeal is "frivolous" if the appellate court determines that the appeal lacks any basis in law or in fact.

---

[10] PTS moves to strike certain parts of Frompovicz's reproduced record and brief for not complying with our Rules of Appellate Procedure. Because we have found none of Frompovicz's issues as warranting relief, the motion is denied as moot.

- 11 -

*Lundy v. Manchel*, 865 A.2d 850, 857 (Pa. Super. 2004) (internal citations and quotations omitted).  While we find none of Frompovicz's issues merit relief, we decline to find that this appeal may be deemed frivolous under Pa.R.A.P. 2744 or was taken solely for the purpose of delay.  *See Menna v. St. Agnes Medical Center*, 690 A.2d 299, 310 (Pa. Super. 1997) ("In determining the propriety of [an award of counsel fees], we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit.").[11]

Order affirmed.  Motion to strike denied.  Request for attorney's fees and damages denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2019

---

[11] We also decline PTS's request that this Court issue an injunction against Frompovicz requiring approval before filing further actions.