J-A27013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KRISTINA EDWARDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | No. 2174 EDA 2020 |

Appeal from the Order Entered October 9, 2020
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. CV-2005-006279

BEFORE:  PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 10, 2022**

This appeal presents us with a request by Kristina Edwards to reverse the trial court and reinstate her case against Allstate Insurance Company in which she is seeking underinsured motorist ("UIM") coverage emanating from a car accident that occurred shortly after the turn of the century. We affirm.

On May 21, 2000, Kristina Edwards was a passenger in a car, which was insured by Allstate through its insured driver. The car collided with another vehicle, and Edwards sustained injuries as a result of the accident. Edwards exhausted the liability coverage available under the other vehicle's policy. Consequently, Edwards sought UIM coverage from Allstate.

Pursuant to the policy, the parties pursued arbitration, and each party named an arbitrator. However, when they could not agree on a third neutral arbitrator, Allstate filed a petition for the appointment of an arbitrator in the

trial court. On December 2, 2005, the trial court entered an order granting the request and appointing Michael Raith, Esq., as neutral arbitrator. For over thirteen years after Attorney Raith's appointment, there was no activity on the trial court docket. Then, on July 22, 2019, Edwards filed a petition to appoint a new/substitute third/neutral arbitrator.[1] On August 12, 2019, Allstate filed preliminary objections in the nature of a demurrer. Edwards filed an answer to the preliminary objections on September 4, 2019.

Initially, the trial court granted Edwards's petition on November 25, 2019. Allstate moved for reconsideration, and Edwards filed an answer. The trial court granted the request for reconsideration and held an evidentiary hearing on September 23, 2020. On October 9, 2020, the trial court dismissed Edwards's case with prejudice and denied Edwards's petition for appointment of a third arbitrator. Edwards filed a motion for reconsideration, which the trial court denied.

This appeal followed, in which Edwards presents claims that the trial court improperly granted Allstate's preliminary objections. We review a trial court order granting preliminary objections for an error of law and apply the

---

[1] The trial court explained that "Attorney Raith recused himself as the neutral arbitrator in this case" because "a bad faith claim was made by [Edwards's] counsel in the United States District Court for the Eastern District of Pennsylvania in which Michael Raith, Esquire, the neutral arbitrator, was named as one of several defendants."

same standard as the trial court. ***Estate of O'Connell ex rel. O'Connell v. Progressive Ins. Co.***, 79 A.3d 1134, 1137 (Pa. Super. 2013).

We first address Edwards's claim that the trial court improperly considered Allstate's preliminary objections. Edwards argues that Allstate presented affirmative defenses in its preliminary objections in violation of the Rules of Civil Procedure.

The propriety of Allstate raising the defense of laches to Edwards's petition is subject to two separate procedural concerns. First, we must address whether a preliminary objection was the proper procedural vehicle for Allstate to file in response to Edwards's petition.  Pa.R.C.P. 1028 governs preliminary objections and instructs that preliminary objections may be filed by any party to any pleading. ***See*** Pa.R.C.P. 1028(a). Rule 1028 provides that preliminary objections may be filed against any pleading. Petitions, such as the petition to appoint a new arbitrator at issue here, are not included in the definition of pleadings. ***See*** Pa.R.C.P. 1017(a). However, a court does not necessarily err if it sustains a preliminary objection to a petition; a preliminary objection is functionally equivalent to an answer to a petition. ***See Cid v. Erie Ins. Group***, 63 A.3d 787 (Pa. Super. 2013) (treating a preliminary objection as the functional equivalent of an answer to a petition to compel arbitration). Therefore, Allstate's titling its filing a preliminary objection is not controlling here.

We therefore turn to Edwards's claim that the defense of laches cannot be raised by preliminary objection. Edwards correctly notes that affirmative defenses are generally not to be pled in a preliminary objection. **See Richmond v. McHale**, 35 A.3d 779, 782 (Pa. Super. 2012). However, as noted above, the titling of Allstate's filing is not controlling here. Viewed in context, Allstate's filing was functionally equivalent to an answer to Edward's petition. The trial court then held a hearing on the issue of laches, and ultimately found that Allstate had established its right to relief. Under these circumstances, there is no reason to treat Allstate's filing as a preliminary objection, and Edward's challenge on this basis is due no relief.

We next address Edwards's second issue on appeal, wherein he challenges the trial court's determination that the doctrine of laches applied to dismiss this matter. The doctrine of laches acts as an equitable bar to relief when a claim has become stale due to the passage of time. **See Fulton v. Fulton**, 106 A.3d 127, 131 (Pa. Super. 2014). Pursuant to the doctrine of laches, trial courts are empowered to enter a judgment of non pros where a plaintiff has unduly delayed in prosecuting an action after it has been instituted. **See Jacobs v. Halloran**, 710 A.2d 1098, 1101 (Pa. 1998).

Here, the trial court stated in its written opinion, "this court submits that Allstate would be entitled to non pros based upon the extraordinary circumstances of this case." Trial Court Opinion, 2/9/21, at 7 n.6. We agree with the trial court's assessment.

It is undisputed that a court may invoke its inherent power to dismiss a case for lack of activity on the docket. **See Penn Piping, Inc. v. Insurance Co. of North America**, 603 A.2d 1006, 1008 (Pa. 1992).[2] An analysis for a judgment of non pros is the same whether the motion is brought by the defendant or whether it is brought *sua sponte* by the court. **Mudd v. Nosker Lumber, Inc.**, 662 A.2d 660, 662 (Pa. Super. 1995) (citation omitted). A trial court may enter a judgment of *non pros* under the following circumstances: (1) a party has shown lack of due diligence by failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused actual prejudice to the adverse party. **See Jacobs**, 710 A.2d at 1103 (citing **James Brothers Co. v. Union Banking and Trust Co. of DuBois**, 247 A.2d 587, 589 (Pa. 1968)). Our Supreme Court has approved the definition of prejudice as "any substantial diminution of a party's ability to properly present its case at trial." **Id**. This determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion. **Id**.

---

[2] We further note that under Pa.R.J.A. 1901, "[i]t is [a] plaintiff's duty to move the case forward and to monitor the docket to reflect that movement." **Golab v. Knuth**, 176 A.3d 335, 339 (Pa. Super. 2017). Rule 1901 reflects the general policy of this Commonwealth to promote the prompt completion of litigation. **See id**. at 340. In short, pursuant to Rule 1901, "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." Pa.R.J.A. 1901(a).

Our review of the certified record reflects that this matter stems from Edwards's efforts to collect UIM coverage from Allstate following an accident in 2000. The matter was first presented to the trial court when Allstate filed a petition to appoint a third neutral arbitrator in 2005. The trial court entered an order appointing the arbitrator on December 2, 2005. From that date, the trial court's docket in this matter remained untouched for over thirteen years and seven months. The next item on the trial court's docket appeared on July 22, 2019, when Edwards filed a petition to appoint a new/substitute third/neutral arbitrator. Thereafter, a flurry of filings with the trial court ensued. As indicated, Allstate filed preliminary objections, and the trial court ultimately held an evidentiary hearing on September 23, 2020.

As the trial court stated in its written opinion, "Allstate demonstrated a lack of due diligence by [Edwards's counsel] in his blatant and deliberate failure to participate in the case or respond to counsel's correspondence for a period of many years." Trial Court Opinion, 2/9/21, at 7. In addition, as the trial court observed, Edwards's attorney acknowledged at the hearing that nothing happened in the case from 2011 until 2019. ***See id***. at 4 (citing N.T., 9/23/20, at 71-72). Further, Edwards's counsel stated that he "had no [specific] recollection or explanation for the delay." ***Id***. Therefore, we conclude that the trial court did not abuse its discretion in determining that Edwards failed to proceed with reasonable promptitude.

We next consider whether there was a compelling reason for the extensive delay. Edwards testified at the hearing that there were "stretches of time" when she did not have contact with either of her attorneys. *See* N.T., 9/23/20, at 31. Further, Edwards's attorney, Elliott Tolan, admitted at the hearing that in 2011 the arbitrator issued, over Edwards's objection, a discovery order directing Edwards to provide to Allstate with a medical authorization, a sworn statement, and medical records. *See* N.T. 9/23/20, at 70-71. Attorney Tolan further testified that he willfully violated the order. *See id*. at 71.

Moreover, Alan Feingold, who had represented Edwards prior to his disbarment in 2008, testified at the hearing. Feingold expressed that he did not provide any records to Allstate regarding the UIM claim. *See* N.T., 9/23/20, at 129-130. Feingold further stated, "I wouldn't even talk to [Allstate's counsel]." N.T., 9/23/20, at 130.

Matthew Yancheff, a Claim Service Leader who manages a group of insurance adjusters for Allstate, also testified at the hearing. Yancheff confirmed that Edwards's UIM claim file does not contain a medical authorization from Edwards and does not contain any medical records. This evidence provided to the trial court reflects a purposeful system of

noncooperation by Edwards in this matter.[3] Accordingly, the trial court concluded that there was no compelling reason for the delay, and we discern no abuse of discretion in this determination.

Finally, for a judgment of non pros to be entered, a showing of prejudice is required. Prejudice can be established by the "absence of a material witness" or any other "substantial diminution of a party's ability to properly present its case at trial." *Jacobs*, 710 A.2d at 1103 (quotation marks omitted). Here, Edwards provided testimony at the hearing that established her faded recollection over the years since the accident. Particularly, Edwards could not recall the full names of various doctors who provided her treatment following the accident. *See* N.T., 9/23/20, at 27-28. In addition, she could not "remember exactly" whether there were additional doctors that provided her treatment. *Id*. at 28. This testimony dovetails with the testimony offered by Yancheff, which expressed the various challenges to determining liability for an accident 20 years after it occurred. *See id*. at 90.

_____

[3] As explained by Allstate in its reply brief in support of its preliminary objections, Edwards's counsel's actions have resulted in a "situation where there are no longer any arbitrators." Reply Brief, Record Entry 12, at 3. Allstate clarified that (1) Edwards's counsel indicated that Edwards's arbitrator was removed and no replacement has ever been named; (2) the neutral arbitrator recused himself because Edwards's prior counsel sued the arbitrator for bad faith; and (3) Allstate's arbitrator retired during the many years that the matter was closed due to Edwards's failure to pursue the case. *See id*. While these facts are not of record, Edwards has not made any effort to dispute them. We do not directly rely on these allegations in reaching our decision, but these circumstances would not surprise us given Edwards's delay in moving the matter forward.

The trial court offered the following apt observation:

> The car accident underlying this case occurred over 20 years ago. To date, Allstate has not received a single medical record of [Edwards]. [Edwards] did not cooperate or participate in any meaningful discovery in this case. It was clear throughout the hearing before this court that both [Edwards] and counsel had faded recollections of the events underlying the accident. The availability of records at this stage is unlikely.

Trial Court Opinion, 2/9/21, at 8-9. Considering these realities, we conclude that because of the extraordinary passage of time and due to the faded recollection of Edwards, the delay precipitated by Edwards hampered Allstate's ability to investigate, evaluate and defend this claim. Consequently, the trial court did not abuse its discretion in determining that Allstate was prejudiced in its ability to present its case.

Based on the foregoing, Edwards has failed to demonstrate on appeal that the trial court erred in finding she failed to act with due diligence in moving her case forward, did not have a compelling reason for the delay, and that Allstate suffered actual prejudice. Therefore, we conclude the trial court did not abuse its discretion in dismissing this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2022

- 9 -